Paul Moore, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 12, 1985, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

528

*Scott F. Breidenbach,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 31, 1986:

By a decision of the Board of Probation and Parole (Board) dated January 23, 1984, Paul Moore (Petitioner) was recommitted to serve 24 months of backtime as a technical and convicted parole violator. On June 6, 1984, he filed a request for administrative relief with the Board, which request was dismissed as untimely. He then petitioned the Board for reconsideration of this dismissal, claiming that he did not receive actual notice of the recommitment decision until May 18, 1984. This petition was denied by the Board, and Petitioner now appeals to this Court. By motion of the Board, the issue before us has been limited to the timeliness of Petitioner's administrative appeal.

Board regulations provide that an application for administrative relief must be filed within 30 days of the date of the recommitment order. 37 Pa. Code §71.5(h). *Maldonado v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commonwealth Ct. 576, 492 A.2d 1202 (1985). Petitioner argues that he should have been permitted to file his application *nunc pro tunc* because he did not receive proper notice of the Board's decision. He states that the decision was mailed to the State Correctional Institution at Graterford, but that he was incarcerated in the Philadelphia County Prison. The Board does not dispute that Petitioner did not receive personal notice at the county prison until May 7, 1984, but it points out that the decision was copied to the Philadelphia public defender's office, which represented Petitioner during the recommitment proceedings. It appears from the record

however, that the notice was not sent to the attorney who represented Petitioner during the proceedings, but rather was sent either to a different attorney in the public defender's office or to a clerical employee of that office. Petitioner contends that this did not constitute proper notice to *his* counsel, and that even if his actual attorney *did* receive the decision, the Graterford address would have led him to assume that Petitioner had been transferred out of the Philadelphia public defender's jurisdiction and was now being represented by Montgomery County counsel.

We do not necessarily agree with the latter part of Petitioner's argument. Notice of an action by a court, board or commission given to the counsel of a party is considered notice to the party. *Yeager v. United Natural Gas Co.,* 197 Pa. Superior Ct. 25, 29, 176 A.2d 455, 456 (1961). For this reason, the responsibility for keeping track of an incarcerated client's whereabouts must remain upon that party's counsel. It would not have been proper, therefore, for Petitioner's counsel simply to assume from the address given Petitioner on the Board's decision that the case was no longer the responsibility of that office.

It is true, however, that, although judicial extensions of time for taking an appeal will not be granted in the absence of fraud or its equivalent, negligence on the part of administrative officials may be deemed to be the equivalent of fraud. *Branch v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 374, 393 A.2d 55 (1978). Insofar as Petitioner is arguing that the misdirection of the recommitment decision amounted to such negligence, and that as a result of the misdirection, he failed to receive proper notice of the Board's decision, we agree. The Board cites *Delmont Borough Annexation Case,* 2 Pa. Commonwealth Ct. 496, 276 A.2d 549 (1971), for the proposition that a mere allegation of failure to *receive* no-

530

tice is insufficient cause for allowing a nunc pro tunc appeal. This is a correct statement of the law, but the law also holds that a failure to properly *send* a notice may amount to a breakdown in operations which is the equivalent of negligence on the part of administrative officials. *See Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938). Here, as in *Nixon,* the averment that an error occurred in the administrative systems of a court, board or commission, has not been denied.

We will reverse the Board.

ORDER

Now, January 31, 1986, the decision of the Pennsylvania Board of Probation and Parole, dated July 5, 1984, Parole No. 2838-J is hereby reversed. The record is remanded to the Board for a hearing on the merits of Petitioner's appeal.

Jurisdiction relinquished.