508 A.2d 644

Melvin Lewis, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 30, 1986, to Judges CRAIG, and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard C. Shiptoski*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, May 15, 1986:

Petitioner Lewis has appealed from an action of the Pennsylvania Board of Probation and Parole denying his request for administrative relief as untimely filed.

On February 9, 1984, while Mr. Lewis was on parole, he was arrested for forgery; also, the board placed a detainer on him for technical violations of parole. After being sentenced for forgery, he was incarcerated at Graterford December 21, 1984, where the board held a full board revocation hearing as to him on March 6, 1985.

The record shows that the board made its recommitment decision, pursuant to that hearing, under date of April 23, 1985. The board sent the decision to his then counsel of record. The decision designated his place of incarceration as Graterford, but, on April 25, 1985, he was transferred to the State Correctional Institution at Dallas.

According to Mr. Lewis' allegation, no notice of the April 23 decision came to him until his corrections counselor and parole supervisor finally obtained and delivered a copy to him on June 14, 1985. He filed his request for administrative relief on July 3, 1985, within thirty days of the date on which he claims to have first received notice of the decision. The thirty-day time limit is established by 37 Pa. Code §71.5(h).

The board's brief does not contest Mr. Lewis' claim that he did not personally receive notice of the decision until June 14; it supports the dismissal for untimeliness only on the basis that the board sent a copy of the April 23 decision to counsel then of record for Mr. Lewis. However, pursuant to an order of this court, a statement from that counsel has supplemented the incomplete record, making it clear that, although the Montgomery County public defender's office duly received a copy of the decision on April 26,[1] it did not

---

[1] *Moore v. Pennsylvania Board of Probation and Parole*, 94 Pa. Commonwealth Ct. 527, 503 A.2d 1099 (1986), does not govern this case because the board in *Moore* sent its decision notice to the wrong attorney, unlike this case, in which the board notified counsel properly.

undertake to inform Mr. Lewis because it "assumes" that the board would give notice to the prisoner. The public defender's assumption is based upon the provision in 37 Pa. Code §71.2(19) that a revocation order "will be transmitted to the parolee" as well as to his attorney.

The supplemented record thus establishes that the public defender, although doubtless aware that counsel of record always should undertake independently to give the client prompt notice of any decision, did not perform that duty in this instance. Although *Yeager v. United Natural Gas Co.*, 197 Pa. Superior Ct. 25, 176 A.2d 455 (1961), held that notice of a board decision given to counsel is considered notice to the client, the Superior Court there noted that rare circumstances can give rise to an exception to that rule. This case involves such an exceptional situation. Where the board has not succeeded in giving timely notice directly to the prisoner in accordance with its own regulation, and the public defender—appointed to represent the prisoner in all respects—admits making no effort to inform the prisoner of the decision, this court cannot insist on holding that notice is nevertheless imputed to the unfortunate prisoner in the face of such facts.

Moreover, because the record does not indicate any notice to Mr. Lewis at Dallas, and the decision itself refers only to Graterford, both the record and the decision fail to establish any fact or presumption of notice to Mr. Lewis. Accordingly, there is no record basis for dismissal of the administrative relief request as untimely. The board's decision in that respect is reversed, and the request for administrative relief is remanded to the board for consideration on its merits.

The board, with the assistance of the corrections officials, should be able to determine the whereabouts of prisoners whom it must notify. Hence, the board has

the responsibility of achieving timely compliance with its duty to convey direct notice of its decisions, in accordance with its own regulations.

### ORDER

Now, May 15, 1986, the action of the Pennsylvania Board of Probation and Parole, dismissing petitioner's request for administrative relief as untimely, is hereby reversed, and the request is remanded to the board for consideration on its merits.

Jurisdiction relinquished.