541 A.2d 832

John Cadogan, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 2, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert B. Stewart, III*, Chief Public Defender of Huntingdon County, for petitioner.

*Timothy P. Wile*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 19, 1988:

John B. Cadogan (Petitioner) appeals from a decision of the Board of Probation and Parole (Board) dismissing his application for administrative relief as untimely. We affirm.

While Petitioner was on parole, he was arrested and charged with aggravated assault. Petitioner pled guilty to the aggravated assault charge and a parole revocation hearing was held on August 8, 1985. On December 4, 1985, the Board issued an order recommitting Petitioner as a technical and convicted parole violator to serve the unexpired term of his sentence. On December 6, 1985, a copy of the Board's order was mailed to Petitioner at the State Correctional Institution at Graterford. On January 30, 1986, the Board modified its order by deleting references to one of the technical parole violations. The modified decision was mailed to Petitioner on February 13, 1986. The same day the Board mailed its modified decision, the Board received from Petitioner

an application for administrative relief from the Board's December 4, 1985 decision. The application for administrative relief requested relief based on the Pennsylvania Supreme Court's *Rivenbark* decision.[1] Since the Board had already modified its recommitment order, the Board took no further action on this application for administrative relief.

On August 6, 1986, Petitioner filed an application for administrative relief from the Board's January 30, 1986 order. This application for administrative relief was dismissed by the Board as untimely on August 11, 1986. On March 13, 1987, the Board modified its decision of January 30, 1986 by deleting all reference to technical parole violations. On March 27, 1987, a copy of this modification order was mailed to Petitioner.

On October 26, 1987, Petitioner filed with the Board an application for administrative relief from the Board's December 4, 1985 recommitment order.[2] The Board dismissed the application for administrative relief as untimely filed. This appeal followed.

On appeal to this court, Petitioner contends that the Board should not have dismissed his October 26, 1987 application for administrative relief as untimely because (1) there was no proof as to when the Board's decision was received by Petitioner, and (2) Petitioner did his best to preserve his rights without the benefit of counsel.

Board regulations provide that an application for administrative relief must be filed within 30 days from the date of the Board's order. 37 Pa. Code §71.5(h); *Maldo-*

---

[1] *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985).

[2] In this petition for administrative relief Petitioner raises issues which were not raised in his two previous applications for administrative relief.

*nado v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commonwealth Ct. 576, 492 A.2d 1202 (1985). Petitioner does not dispute the fact that his October 26, 1987 application for administrative relief was not filed within 30 days of the Board's order. However, Petitioner contends that his application for administrative relief should be considered because there was no proof as to when Petitioner received notice of the Board's decision.

Petitioner cites *Lewis v. Pennsylvania Board of Probation and Parole,* 97 Pa. Commonwealth Ct. 271, 508 A.2d 644 (1986), and *Moore v. Pennsylvania Board of Probation and Parole,* 94 Pa. Commonwealth Ct. 527, 503 A.2d 1099 (1986), in support of his argument. Both of these cases are distinguishable from the factual situation before us.

In *Lewis,* we held that an application for administrative relief which was not filed within 30 days of the Board's recommitment order but was filed within 30 days from the date the petitioner actually had notice of the Board's order was timely filed. In *Lewis,* the petitioner did not get notice of the Board's decision in time to file his petition for administrative relief within 30 days of the Board's order, because notice was sent to the wrong prison. The prisoner's attorney had notice of the Board's recommitment decision but failed to contact the prisoner, assuming that the Board would give notice to the prisoner.

Similarly, in *Moore,* the petitioner did not receive notice of the Board's recommitment decision until 3 months after the decision was made because notice was sent to the wrong correctional institution. In *Moore,* notice was also sent to the wrong attorney in the public defender's office.

In the case before us, Petitioner contends that there was no proof he actually received notice of the Board's decision. However, there is nothing in this case indicat-

ing that notice was not properly sent. The Board mailed a copy of its decision to the Petitioner at the correct prison. The mere allegation of a failure to receive notice is not sufficient cause for allowing a *nunc pro tunc* appeal. *Moore*. Moreover, in his brief, Petitioner admits that the Board's decision was mailed to him at the correct institution.

Petitioner also contends that justice requires his petition for administrative relief to be heard *nunc pro tunc* because he persistently sought to preserve his rights without the benefit of counsel. In *Snipes v. Pennsylvania Board of Probation and Parole*, 107 Pa. Commonwealth Ct. 72, 527 A.2d 1080 (1987), we affirmed the dismissal of an application for administrative relief which was untimely filed despite the fact that the petitioner was proceeding without the benefit of counsel. The petitioner in *Snipes* had not requested legal representation following receipt of the parole revocation order. Similarly, Petitioner in this case does not assert that he requested and was denied legal counsel. Petitioner merely argues that the 30 day time period should not be strictly applied to him because he did his best to represent himself. The 30 day period for filing an application for administrative relief set forth in 37 Pa. Code §71.5(h) clearly applies to parolees who are unrepresented by counsel as well as parolees who are represented by counsel.

Accordingly, we affirm.

### ORDER

AND NOW, May 19, 1988, the decision of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.