562 A.2d 957

**Charles LEWIS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 14, 1989.

Decided Aug. 1, 1989.

Lester G. Nauhaus, Public Defender, John H. Corbett, Jr., Chief, Appellate Division, and Mitchell A. Kaufman, Appellate Counsel, Pittsburgh, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, Robert Greevy, Chief Counsel and Arthur R. Thomas, Asst. Chief Counsel, Harrisburg, for respondent.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

CRAIG, Judge.

Charles W. Lewis appeals from an order of the Pennsylvania Board of Probation and Parole that dismissed his administrative appeal of an order of the board recommitting him to serve eighteen months' backtime as a convicted parole violator. The only issue before us is whether Lewis' administrative appeal was timely, where the board received that appeal more than thirty days after the mailing date of the recommitment order, but less than thirty days after Lewis received the recommitment order.

The board recommitted Lewis by order recorded September 15, 1988. The notice to Lewis of the board's decision bears a mailing date of October 13, 1988. The board received a pro se administrative appeal of the recommitment order on November 15, 1988, the day after the end of the period of thirty days from the mailing date. On December 15, 1988, the board dismissed the administrative appeal as untimely, stating that it lacked jurisdiction to entertain the merits of an untimely appeal under 37 Pa.Code §§ 73.-1(a)(1) and 73.1(b)(1), citing also this court's decision in *Threats v. Pennsylvania Board of Probation and Parole,*

102 Pa.Commonwealth Ct. 315, 518 A.2d 327 (1986), *rev'd on other grounds*, 520 Pa. 182, 553 A.2d 906 (1989).

Lewis timely filed a pro se petition for review with this court from the board's December 15 order. The board filed a motion to limit the issue to the timeliness of the administrative appeal, which this court granted on February 23, 1989. The Public Defender of Allegheny County has filed a brief on behalf of Lewis.

Administrative appeals of board revocation decisions are governed by 37 Pa.Code § 73.1(a), which provides in part:

(a) *Appeals.*

(1) An interested party, by counsel unless unrepresented, may appeal a revocation decision. *Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order.* When a timely appeal has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal. This subsection supersedes 1 Pa.Code § 35.226 (relating to final orders).

. . . .

(4) Second or subsequent appeals and *appeals which are out of time under these rules will not be received.* (Emphasis added.)

Lewis contends that his appeal to the board was not untimely. On the basis of court's decision in *Lewis v. Pennsylvania Board of Probation and Parole*, 97 Pa.Commonwealth Ct. 271, 508 A.2d 644 (1986), Lewis argues that the date when the period for filing an administrative appeal begins to run is the date when the parolee *receives* notice of the board's decision. The board does not dispute that it received Lewis' appeal within thirty days of the time that Lewis received notice of the revocation decision.

*Lewis* does not stand for the proposition for which it is cited here. In that case, the board made its recommitment decision on April 23, 1985, and sent the decision to the parolee's then counsel of record, the public defender's office

of Montgomery County, where it was received on April 26. Counsel in that office did not notify the parolee of the decision, assuming that the board would do so. Because the parolee was transferred from the State Correctional Institution at Graterford to that at Dallas on April 25, 1985, he did not receive personal notice of the decision until June 14. He filed his request for administrative relief on July 3, 1985, and the board dismissed it as untimely.

Thus, the issue presented in *Lewis* was whether the parolee should be charged with notice of the board's decision received by his counsel when the counsel failed to perform his duty to inform his client promptly of the board's decision, and where administrative confusion resulted in the parolee's receiving actual notice of the decision some three weeks after it was mailed. Concluding that the unusual circumstances there fell within an exception to the rule that notice of a decision given to counsel is considered notice to the client, we held that the parolee's appeal was timely because he filed it within thirty days of the time he received actual notice.

The *Lewis* decision involved a breakdown of the notice procedures; hence, strict enforcement of the time for appeal, to the detriment of a client not responsible for the delay, could not be condoned. However, nothing in that decision suggested that, as a general rule, the time for appealing runs from the date when the parolee receives notice. The regulation in effect at the time of the events in *Lewis* stated that the parolee might "apply to the Board within 30 days of the entry of the order for appropriate review and relief." 37 Pa.Code § 71.5(h). As quoted above, the current regulation (amended effective January 16, 1988 [1]) expressly states that the time for appealing runs from the mailing date of the board's order. This court's action in *Lewis* to correct an injustice resulting from extraordinary circumstances may not now be held to create a

1. *See* 18 Pa.B. 250 (January 16, 1988) *and* 17 Pa.B. 3889 (October 3, 1987).

beginning for the appeal period in contravention of the plain language of the regulation.

The order of the board dismissing the appeal of Charles Lewis as untimely shall be affirmed.

## ORDER

NOW, August 1, 1989, the order of the Pennsylvania Board of Probation and Parole at Parole No. 5918–K, dated December 15, 1988, is affirmed.