# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy A. Pickard, : 
                 Petitioner : 
                                   : 
          v. : No. 895 C.D. 2016 
                                   : Submitted: January 20, 2017 
Pennsylvania Board of Probation : 
and Parole, : 
                 Respondent : 

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON                FILED: June 15, 2017

Petitioner Timothy A. Pickard (Pickard) petitions for review of a decision of the Pennsylvania Board of Probation and Parole (Board), dated May 16, 2016. The Board: (1) declined to consider Pickard's untimely administrative appeal regarding his allegation that the Board failed to conduct a timely revocation hearing before revoking his parole; and (2) denied Pickard's administrative appeal challenging the Board's recalculation of his maximum sentence date. For the reasons set forth below, we affirm.

In 2009, Pickard was sentenced to serve a term of six-months-to-five-years for theft by deception, creating/reinforcing false impression, and identity theft. (Certified Record (C.R.) at 1.) The Board granted Pickard parole and released him on May 24, 2010, to an Ohio detainer. (*Id.* at 5-13.) Thereafter, on October 29, 2011, the Ohio Department of Rehabilitation

and Correction released Pickard at the expiration of his stated/definite term. (Supplemental Certified Record (Supp. C.R.) at 8A.)

On April 30, 2013, while on reparole, Pickard was arrested for Driving Under the Influence of Alcohol, Damaging Real Property by Operating a Motor Vehicle, Careless Driving, and Operating a Vehicle Without a Valid Inspection. (C.R. at 17.) While those charges were pending, Pickard continued on parole with a restriction of alcohol use. (*Id.* at 250-251.) Though Pickard was found guilty and sentenced to 30 days to 6 months, Pickard absconded and was declared delinquent. (*Id.* at 33.)

Pickard remained undetained and his whereabouts unknown until he was arrested on February 2, 2014. (*Id.* at 250.) Pickard was also charged with twenty-three new offenses from the time that he was out on reparole. (*Id.*) From February 19, 2014, to April 17, 2015, Pickard pleaded guilty in various counties in the following fifteen criminal cases: eight cases of bad checks, five cases of theft by deception-false impression, one case of theft by unlawful taking, and one case of home improvement fraud. The Board received the official verification of the guilty plea for theft by deception-false impression (Beaver County Theft Case) on April 21, 2015, and the guilty plea for bad checks (Somerset County Bad Checks Case) on April 23, 2015. (*Id.* at 197, 265.)

The Board sent Pickard a notice of charges for technical parole violations on February 26, 2014. (*Id.* at 67.) Pickard waived his right to a violation hearing and counsel, and he admitted to changing his residence without permission and failure to report to his parole agent. (*Id.* at 76.) The Board recommitted Pickard as a technical parole violator and changed his maximum

2

sentence date from March 25, 2014, to July 6, 2014, based on 103 days of delinquency. (*Id.* at 78.)

On April 27, 2015, the Board provided Pickard with a notice of charges and the scheduling of a revocation hearing, this time for his criminal convictions. (*Id.* at 252-253.) The Board held the revocation hearing on May 1, 2015. (*Id.* at 295.) Pickard, represented by counsel, argued that the Board hearing was outside the required 120-day period under 37 Pa. Code § 71.4 for all but two of the guilty pleas contained in the notice of charges.[1] (*Id.* at 311.) Nevertheless, Pickard's counsel argued that because Pickard was in custody for over a year, the hearing was untimely for all of the guilty pleas. (*Id.* at 324.) Pickard's counsel acknowledged that the revocation hearing was within the 120-day period of the receipt of the official verification of the guilty pleas for

[1] 37 Pa. Code § 71.4 provides, in pertinent part:

The following procedures shall be followed before a parolee is recommitted as a convicted violator:

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

(ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

the Beaver County Theft Case and the Somerset County Bad Checks Case. (*Id.* at 311.)

By Board decision, recorded on June 2, 2015 and re-mailed on September 25, 2015,[2] the Board voted to recommit Pickard as a convicted parole violator as a result of the Beaver County Theft Case and the Somerset County Bad Checks Case. (*Id.* at 348-349). The Board ordered him to serve 12 months backtime when available. (*Id.* at 348-49.) Thus, it appears that the Board rejected his argument that the May 1, 2015 revocation hearing was untimely as to the Beaver County Theft Case and the Somerset County Bad Checks Case. (*Id.*) By Board decision, recorded on October 15, 2015 and mailed on November 6, 2015, the Board noted Pickard's additional convictions and recalculated his maximum sentence date as August 31, 2018. (*Id.* at 350-353.)

Pickard filed an administrative remedies form, which the Board received on December 7, 2015. (*Id.* at 354-356.) The Board, by decision dated May 16, 2016, dismissed Pickard's appeal. In so doing, it rejected Pickard's argument that the revocation hearing was untimely, because the Board determined that Pickard's appeal of that issue itself was untimely. (*Id.*) The Board also rejected Pickard's argument that it did not have the authority to change his maximum sentence date. (*Id.*)

---

[2] It appears from the record that the Board originally mailed notice of the Board's June 2, 2015 decision on June 15, 2015, to Pickard at Armstrong County Jail. The notice in the record, however, has the date "June 15, 2015" crossed-out. Below the crossed-out date is the date "September 25, 2015," with the hand-written notation next to it, indicating that it was "re[-]mailed to SCI[-]Albion." Presumably, "SCI[-]Albion" refers to the State Correctional Institution at Albion (SCI-Albion). Thus, it appears that the Board re-mailed its notice of the June 2, 2015 decision to Pickard on September 25, 2015.

On appeal,[3] Pickard argues that the May 1, 2015 revocation hearing was untimely, that he filed a timely appeal challenging the timeliness of the revocation hearing, and that the Board erred in failing to credit the time that he was incarcerated in Ohio when it recalculated his maximum sentence date.

First, we will address the timeliness of Pickard's appeal as it relates to the timeliness of the revocation hearing. Ordinarily, a parolee must appeal a revocation decision within thirty days of the Board's order or the appeal will be dismissed as untimely. Section 6113(d) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6113(d);[4] 37 Pa. Code § 73.1(b)(1); *McCaskill v. Pa. Bd. of Prob. and Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993), *appeal denied*, 644 A.2d 739 (Pa. 1994). This time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process. *Moore v. Pa. Bd. of Prob. and Parole*, 503 A.2d 1099, 1101 (Pa. Cmwlth. 1986). A delay in filing an appeal that is not attributable to the parolee, such as the intervening negligence of a third-party or a breakdown in the administrative process, may be sufficient to warrant *nunc pro tunc* relief.

Here, the Board issued its June 2, 2015 decision, mailed on September 25, 2015, which revoked Pickard's parole based upon his guilty pleas in

---

[3] Our standard of review of a Board order denying administrative relief is limited to considering whether necessary factual findings are supported by substantial evidence, whether the Board erred as a matter of law, and whether constitutional rights were violated. 2 Pa. C.S. § 704.

[4] Previously the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended*, *formerly* 61 P.S. §§ 331.1-331.34a, *repealed by* Section 11(b) of the Act of August 11, 2009, P.L. 147. The Parole Act has been consolidated and is currently found at Sections 6101 to 6153 of the Prisons and Parole Code, 61 Pa. C.S. §§ 6101-6153.

the Beaver County Theft Case and the Somerset County Bad Checks Case. Thereafter, the Board issued its October 15, 2015 decision, mailed on November 6, 2015, recalculating his maximum sentence date without providing Pickard credit for his time incarcerated in Ohio. Thus, Pickard had until October 25, 2015, to file with the Board his administrative appeal of the Board's June 2, 2015 decision, and he had until December 7, 2015, to file with the Board his administrative appeal of the Board's October 15, 2015, decision. The Board received an administrative remedies form on December 7, 2015, wherein Pickard: (1) objected to the revocation of his parole; (2) claimed that the revocation was untimely; and (3) claimed that the Board did not have the authority to recalculate his maximum sentence. The first two claims relate to the Board's June 2, 2015 decision, mailed on September 25, 2015, and the third claim relates to the Board's October 15, 2015 decision, mailed on November 6, 2015. Based upon the claims presented, the Board determined the request to be an administrative appeal. The Board dismissed the first two claims on the basis that they were an untimely appeal of the Board's June 2, 2015 decision. As to the third claim—that the Board did not have the authority to recalculate his maximum date—the Board considered the appeal timely but denied it.

In his brief, with regard to the Board's June 2, 2015 decision, Pickard asserts that "he never received that decision until he received a prior brief filed by [his counsel] at the beginning of October 2016." (Petitioner's Supp. Br. at 8.) Yet, he also asserts that he received only the October 15, 2015 decision, mailed on November 6, 2015, which is what he appealed. (*Id.*) Thus, it is unclear whether he admits to having received the June 2, 2015 decision, because he states *both* that he received it in the beginning of October (which would be when one would have

6

expected him to receive it based on the mailing date of September 25, 2015) and that he received only the October 15, 2015 decision, mailed on November 6, 2015. Moreover, he appears to take the position that he intended to appeal only the October 15, 2015 decision. Nevertheless, he argues that the Board mailed its June 2, 2015 decision to the wrong correctional facility. According to Pickard, while he was incarcerated at the State Correctional Institution at Albion (SCI-Albion), the Board mistakenly sent the decision to the Armstrong County Jail. A review of the record reveals that although initially mailed to the Armstrong County Jail, the Board re-mailed its June 2, 2015 decision, revoking his parole and recommitting Pickard as a convicted parole violator, to SCI-Albion on September 25, 2015, and Pickard does not maintain that he was not at SCI-Albion at that relevant time period. Thus, to the extent that Pickard may be attempting to assert that the untimeliness of his appeal as it relates to the June 2, 2015 decision is attributable to the Board's mailing of the decision to Armstrong County Jail, we reject that argument because the Board mailed it to SCI-Albion on September 25, 2015. Thus, to the extent that Pickard's appeal seeks to challenge the Board's June 2, 2015 decision, Pickard has not established that he is entitled to *nunc pro tunc* relief.

Given that Pickard's appeal is untimely as it relates to the Board's June 2, 2015 decision, we need not address Pickard's challenge as to the timeliness of the revocation hearing. Were we to address that issue, however, we would conclude that the hearing was timely as to the Beaver County Theft Case and the Somerset County Bad Checks Case. Under 37 Pa. Code § 71.4, the Board must hold a revocation hearing "within 120 days from the date the Board received official verification of the plea of guilty." The review of the record simply does

7

not support Pickard's contention that the May 1, 2015 revocation hearing was untimely as to those two guilty pleas, because the Board conducted the revocation hearing within the 120-day time-period. In fact, Pickard does not dispute that the Board complied with the requirements of 37 Pa. Code § 71.4. Rather, Pickard's only argument in support of his contention is that 37 Pa. Code § 71.4 should not be applicable to his guilty pleas in those two cases, because he was already in custody. Pickard provides no legal support for this assertion, and, if we were to consider it, would reject this argument as without merit.

Turning to Pickard's final issue—the only issue preserved for review—we conclude that Pickard is not entitled to credit for the time that he was incarcerated in Ohio. The Board's ability to recalculate the sentence of a convicted parole violator is governed by Section 6138(a)(2) of the Code, 61 Pa. C.S. § 6138(a)(2), which provides, in pertinent part:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time *at liberty on parole*.

(Emphasis added.) Pickard argues that this section should not apply to the time he spent incarcerated in Ohio because he was not "at liberty on parole."

The words "at liberty on parole" do not mean liberty from all confinement, but liberty from confinement on the particular sentence for which the parolee is being sentenced as a parole violator. *Hines v. Pa. Bd. of Prob. and Parole*, 420 A.2d 381, 384 (Pa. 1980). The time a parolee spends incarcerated on a sentence from a second conviction constitutes "constructive parole" and may not

8

be used as credit against the original sentence. *Merritt v. Pa. Bd. of Prob. & Parole*, 574 A.2d 597, 580 (Pa. 1990).[5] Because Pickard was at liberty on parole from his first sentence while confined under a detainer in Ohio, he was not entitled to credit for that period.

Accordingly, we affirm the Board's order.

P. KEVIN BROBSON, Judge

---

[5] In his supplemental brief, Pickard encourages this Court to overturn the Supreme Court's cases that prohibit the period of constructive parole from being used as credit against a sentence for a distinct criminal conviction. This Court, however, is bound by the Supreme Court's rulings on that issue. *See Merritt* and *Hines*.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Timothy A. Pickard,                     :
                 Petitioner       :
                                   :
         v.                            :    No. 895 C.D. 2016
                                   :
Pennsylvania Board of Probation         :
and Parole,                             :
                 Respondent      :

# **O R D E R**

AND NOW, this 15th day of June, 2017, the decision of the Pennsylvania Board of Probation and Parole, dated May 16, 2016, is AFFIRMED.

_____
P. KEVIN BROBSON, Judge