# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Salvaggi, :
               Petitioner :
  :
       v. : No. 1674 C.D. 2019
  : Submitted: June 26, 2020
Pennsylvania Board of Probation and :
Parole, :
              Respondent :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                FILED:  November 9, 2020

          Michael Salvaggi, an inmate at the State Correctional Institution (SCI) at Dallas, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board)[1] denying his administrative appeal.  Salvaggi asserts that the Board erred in dismissing his appeal as untimely.  Salvaggi's appointed counsel, Richard C. Shiptoski, Esquire (Counsel), has petitioned for leave to withdraw his representation.  For the following reasons, we grant Counsel's petition and affirm the Board's order.

          On May 4, 2007, Salvaggi was convicted in Clarion County of receiving stolen property and the unauthorized use of a motor vehicle.  He was sentenced to a term of incarceration of 14 months to 5 years.  On May 9, 2007,

---

[1] Following the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15 and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115, §§15, 16.1 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

Salvaggi pled guilty to theft of leased property and was sentenced to 12 to 24 months' incarceration. Salvaggi was ordered to serve the latter sentence concurrently with the first sentence. *Commonwealth v. Michael Anthony Salvaggi*, (C.C.P. Clarion County, No. CP-16-CR-0000436-2006).

On February 11, 2008, Salvaggi pled guilty in Lehigh County to identity theft. He was sentenced to 8 months and 15 days to 5 years of incarceration. *Commonwealth v. Michael Anthony Salvaggi Sr.*, (C.C.P. Lehigh County, No. CP-39-CR 0004813-2007).

On May 6, 2009, Salvaggi was paroled. He was recommitted as a convicted parole violator and reparoled on September 6, 2011. On December 2, 2011, Salvaggi was sentenced to two years' incarceration in Florida for theft of a motor vehicle in 2006. He was released on November 8, 2012. On March 24, 2014, Salvaggi was recommitted as a technical and convicted parole violator in Pennsylvania. He was reparoled on September 11, 2014. At the time he was reparoled, his maximum date of sentence was September 23, 2018.

While on parole, Salvaggi failed to comply with his parole conditions and absconded from parole supervision. Subsequently, he was arrested and convicted for attempted assault of a police officer. By decision mailed April 7, 2015, the Board recommitted Salvaggi as a technical and convicted parole violator. Salvaggi's new parole violation maximum date of sentence was calculated as May 11, 2020.[2]

---

[2] Although this maximum date of sentence as calculated by the Board has passed, this matter is not rendered moot. Salvaggi was paroled from SCI-Somerset on November 6, 2016. He was recommitted as a parole violator on December 20, 2019. He was serving time as of March 16, 2020, when the Board submitted its moves report. Further, records from the Department of Corrections indicate that Salvaggi is currently incarcerated at SCI-Dallas. *See* http://inmatelocator.cor.pa.gov/#/ (last visited November 6, 2020).

By letter dated August 1, 2019, Salvaggi challenged the calculation of his maximum date of sentence and the Board's decision not to award him credit for time spent at liberty on parole.[3] Salvaggi asserted that the Board failed to award him credit for 444 days he was incarcerated in Florida from September 5, 2011, to November 22, 2012.

By decision mailed November 7, 2019, the Board dismissed Salvaggi's appeal as untimely. It explained:

> This is a response to the correspondence we received from you on August 14, 2019. Because you object to your recalculated max date, your request is considered a petition for administrative review of the [B]oard action mailed April 7, 2015[,] which set forth a max date of May 11, 2020.
>
> The [B]oard regulation governing petitions for administrative review states that petitions must be received at the Board's Central Office within 30 days of the mailing date of the Board's order. 37 Pa. Code §73.1(b). This means you had until May 7, 2015 to object to the decision. Because the [B]oard did not receive your petition on or before that date and there is no indication that it was submitted to prison officials for mailing by that date, your petition is untimely and cannot be accepted.
>
> Your petition for administrative review is DISMISSED as UNTIMELY.

Certified Record (C.R.) at 33. Salvaggi now petitions for this Court's review.

On appeal,[4] Salvaggi argues that the Board erred in dismissing his administrative appeal as untimely. More specifically, he contends that he did not

---

[3] Salvaggi had previously challenged the Board's authority to recalculate his maximum sentence date and its failure to award him credit on his original sentence in a letter dated February 9, 2016. In an adjudication mailed April 15, 2016, the Board dismissed his appeal as untimely. Certified Record (C.R.) at 12.

[4] Our review determines whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence.

3

receive a timely copy of the Board's decision to recommit him, which prevented him from filing a timely appeal.[5]

Before addressing the merits of Salvaggi's arguments, we must assess Counsel's application for leave to withdraw as counsel. Counsel has filed an *Anders* brief,[6] explaining his belief that Salvaggi's appeal lacks merit. We note that throughout this process, Salvaggi has challenged the Board's recalculation of his maximum date and its failure to credit him for time spent at liberty on parole. Because Salvaggi has raised no constitutional issues, Counsel was only required to file a no-merit letter. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-43 (Pa. Cmwlth. 2010).

"Where an *Anders* brief is filed when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Id.* A no-merit letter, also referred to as a "*Turner/Finley* letter,"[7] requires the following technical requirements of appointed counsel who seeks to withdraw his representation:

---

*Pettibone v. Pennsylvania Board of Probation and Parole*, 782 A.2d 605, 607 n.3 (Pa. Cmwlth. 2001).

[5] We note that in his petition for review, Salvaggi also argues that the Board failed to give him proper credit against his maximum date. However, Salvaggi does not address this argument in his brief. Therefore, this argument is waived. *See Aveline v. Pennsylvania Board of Probation and Parole*, 729 A.2d 1254, 1256 n.5 (Pa. Cmwlth. 1999) (issues raised in petition for review but not addressed or developed in brief are waived).

[6] The term *Anders* brief stems from the United States Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), which addressed the steps appointed counsel must take to withdraw his representation.

[7] In *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), the Pennsylvania Supreme Court, applying *Pennsylvania v. Finley*, 481 U.S. 551 (1987), held that counsel seeking to withdraw from a case in which the right to counsel does not derive from the United States Constitution may provide a "no-merit letter," which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues were meritless."

> *Turner/Finley* counsel must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley,* the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)). If counsel's no-merit letter complies with the technical requirements, this Court independently reviews the merits of the petitioner's claims. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009).

Upon review, we find that Counsel has satisfied the technical requirements of *Turner/Finley*. In his *Anders* brief, Counsel thoroughly analyzed Salvaggi's argument that the Board erred in deeming his administrative appeal untimely and explained why this argument lacks merit. Counsel certified that he mailed a copy of his petition for leave to withdraw and *Anders* brief to Salvaggi at SCI-Dallas. Further, Counsel served a copy of this Court's April 6, 2020, order on Salvaggi, which advised him that he could either obtain substitute counsel or file a brief on his own behalf. Having concluded that Counsel has complied with the technical requirements of *Turner/Finley*, we next consider the merits of Salvaggi's claims.

5

Salvaggi argues that the Board erred in dismissing his administrative appeal as untimely because he did not learn about its adjudication until more than 30 days after its mailing date. However, there is nothing in the record to show that the Board's decision was not timely sent to Salvaggi. He does not assert that the Board mailed its decision to the wrong prison or offer evidence on when he received it. A general allegation of a failure to receive timely notice is not sufficient cause for extending the appeal period. *Cadogan v. Pennsylvania Board of Probation and Parole*, 541 A.2d 832, 834 (Pa. Cmwlth. 1988). Simply, Salvaggi did not offer any evidence to demonstrate that he did not receive the Board's adjudication in a timely manner.

The Board interpreted Salvaggi's letter challenging the calculation of his maximum sentence date as a petition for administrative review. C.R. 33. The Board's regulations provide that "[p]etitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination." 37 Pa. Code §73.1(b)(1). The mailing date of the Board's order was April 7, 2015. Salvaggi challenged the Board's order by letter dated August 1, 2019, which was not received by the Board until August 14, 2019. Because Salvaggi's petition was not received by the Board within 30 days, the Board did not err in dismissing his petition as untimely.

Additionally, on April 15, 2020, Salvaggi filed an objection to Counsel's *Anders* brief. Therein, Salvaggi explains that he instructed Counsel to amend the petition for review to include a request for *nunc pro tunc* relief. He argues that his appeal has merit because he never received a "green sheet." *See* 12 TIMOTHY P. WILE, PENNSYLVANIA LAW OF PROBATION AND PAROLE, Appendix I (3d ed. 2010) ("Green sheet" is a "slang term for the decision of the Board on a parole release or revocation matter that is based upon the color of the paper used by the Parole Board

6

in issuing the decision to the offender or to the offender's attorney."). He further argues that the Board provided no evidence that Salvaggi received the green sheet or that it was sent by certified mail. On July 30, 2020, Salvaggi filed an application for leave to amend his brief to this Court, asserting that he asked Counsel to amend his brief to include a request for *nunc pro tunc* relief.

Salvaggi's request for *nunc pro tunc* relief is already included in his brief to this Court. As stated, petitions for administrative review must be received within 30 days of the Board's adjudication or the petition will be dismissed. 37 Pa. Code §73.1(b)(1). This requirement is jurisdictional and cannot be ignored. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). However, there are exceptions. Generally, a *nunc pro tunc* appeal may be permitted where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process. *Id.* The party seeking relief has the burden of demonstrating that it meets the requirements for *nunc pro tunc* relief. *Robinson v. Pennsylvania Board of Probation and Parole*, 582 A.2d 857, 860 (Pa. 1990); *see also Lopresti v. Unemployment Compensation Board of Review*, 55 A.3d 561, 563 (Pa. Cmwlth. 2012). Here, Salvaggi does not allege facts sufficient to support the grant of *nunc pro tunc* relief. He merely states that "although [he] may have [erred] in the date of receiving the Board's action, the evidence will show that [he] did not learn about his action [until] well over the 30 days." Salvaggi Brief at 1. Salvaggi does not explain the evidence he is referencing. For these reasons, we deny Salvaggi's request for *nunc pro tunc* relief, overrule his objection to Counsel's *Anders* brief and deny his application for leave to amend his brief.

In sum, Counsel has fulfilled the technical requirements for withdrawing his representation, and our independent review of the record before the

Board reveals that Salvaggi's issues on appeal are without merit. Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.[8]

_____
MARY HANNAH LEAVITT, President Judge

---

[8] On May 28, 2020, the Board filed an application for relief, seeking to stay the briefing schedule in this matter. It asked that its obligation to file a brief on the merits be stayed until resolution of Counsel's petition to withdraw. By letter dated August 14, 2020, Salvaggi objected to the Board's request for a stay. Salvaggi contends that the Board is using this request as a "ploy" to later file summary judgment. However, this Court granted the Board's request by order dated May 29, 2020.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Salvaggi,
                Petitioner

          v.

Pennsylvania Board of Probation and
Parole,
                Respondent

:
:
:
:
:
:
:
:
:
:

No. 1674 C.D. 2019

# **O R D E R**

AND NOW, this 9th day of November, 2020, the order of the Pennsylvania Board of Probation and Parole dated November 7, 2019, is AFFIRMED, and the application for leave to withdraw as counsel filed by Richard C. Shiptoski, Esquire, is GRANTED.

Further, we overrule Petitioner's objections to Shiptoski's *Anders* brief and the Pennsylvania Board of Probation and Parole's request to stay the briefing schedule and deny his application for leave to amend his brief.

_____
MARY HANNAH LEAVITT, President Judge