IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven C. Morrison,                     :
                    Petitioner          :
                                        :
        v.                              :  No. 655 C.D. 2020
                                        :  SUBMITTED: November 20, 2020
Pennsylvania Parole Board,              :
                    Respondent          :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED:  March 1, 2021

        Petitioner Steven C. Morrison (Morrison) petitions for review of Respondent

Pennsylvania Parole Board's (Board) June 22, 2020 order. Therein, the Board

affirmed its recalculation of Morrison's maximum sentence date based on his parole

violations. Morrison's counsel, David Crowley, Esquire (Counsel), has submitted an

Application to Withdraw as Counsel (Application to Withdraw), along with a *Turner*

letter.[2]  Counsel contends the arguments raised by Morrison are frivolous and

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt
completed her term as President Judge.

[2] The term "*Turner* letter" refers to the seminal case *Commonwealth v. Turner*, in which our
Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel
in collateral attacks on criminal convictions." 544 A.2d 927, 927-29 (Pa. 1988). In a *Turner* letter
pertaining to a parole violation matter, an attorney seeks leave of court to withdraw representation
because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly
frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

        Such letters are referred to by various names by courts of this
        Commonwealth. *See, e.g.*, *Com*[.] *v. Porter*, . . . 728 A.2d 890[, 893]
        n.2 ([Pa.] 1999) (referring to such a letter as a "'no[-]merit' letter"

without merit. Upon review, we grant Counsel's Application to Withdraw and affirm the Board's order.

## I. Facts and Procedural History

In April 2012, Morrison was arrested in Berks County and was charged with a number of drug-related offenses.[3] Morrison subsequently pled guilty in the Court of Common Pleas of Berks County (Common Pleas) to one count of possession with intent to deliver and, on April 25, 2013, Common Pleas sentenced him to 21 to 60 months in state prison, while also giving him credit for 434 days he spent in pre-sentence detainment.

On February 1, 2017, Morrison was paroled on this sentence from State Correctional Institution – Mahanoy. Certified Record (C.R.) at 6. At that time, he had a maximum sentence date of June 30, 2018, leaving him with 514 days remaining on his original sentence. *Id.* On September 5, 2017, Morrison was arrested by the Wyomissing Police Department and charged with four counts of promoting prostitution and one count of possession of a controlled substance. *Id.* at 11-16. Morrison was detained in lieu of $50,000 bail for those charges. *Id.* at 18.

---

and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568[, 573] ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter"); *Com*[.] *v. Blackwell*, 936 A.2d 497[, 499 n.5] (Pa. Super.[] 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 24 n.2 (Pa. Cmwlth. 2009).

[3] Some of the facts pertaining to Morrison's April 2012 arrest, subsequent plea, and sentencing are drawn from relevant criminal records, which can be found under Court of Common Pleas of Berks County docket number CP-06-CR-0002610-2012. We are permitted to take judicial notice of this information. *See, e.g.*, Pa. R.E. 201(b)(2); *Doxsey v. Pa. Bureau of Corr.*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996).

The Board issued a warrant to commit and detain Morrison on the same day. *Id.* at 10. The Board's September 5, 2017 detainer was lifted on June 30, 2018, when Morrison reached his original maximum date.[4] *Id.* at 33. Morrison posted bail on his new criminal charges on July 3, 2018. *Id.* at 52.

On February 5, 2019, Morrison was found guilty on the new criminal charges in Common Pleas, and his bail was revoked. *Id.* at 38. The Board re-lodged its detainer on February 8, 2019. *Id.* at 39. On March 21, 2019, Common Pleas sentenced Morrison to an aggregate carceral term of 18 months to 36 months in state prison for 2 of the prostitution counts, with 347 days of credit for time served. *Id.* at 40-41. Common Pleas also sentenced Morrison to an aggregate term of 12 to 24 months' incarceration for the remaining prostitution counts, to be served concurrently after the expiration of the longer sentences. *Id.* at 42, 44. Finally, Common Pleas sentenced Morrison to two years of probation for the possession count. *Id.* at 43.

By decision recorded on April 17, 2019, the Board recommitted Morrison as a convicted parole violator. *Id.* at 91. The Board did not award Morrison credit for the time spent at liberty on parole because of his "prior history of supervision failures." *Id.* at 92. The Board recalculated Morrison's maximum sentence date as September 4, 2020, reasoning that Morrison had 514 unserved days when he was paroled and was not able to serve any of this time until April 9, 2019. *Id.* at 91-93. There is no proof in the record that Morrison administratively challenged this

---

[4] On July 2, 2018, the Board declared Morrison delinquent for control purposes effective July 7, 2017. C.R. at 34.

decision. On July 9, 2019,[5] the Board modified its April 17, 2019 decision to correct a typographical error, in order to reflect that Morrison's correct recommitment period was 1 year, 4 *months*, and 29 days, rather than 1 year, 4 *days*, and 29 days, as had been previously stated by the Board. *Id.* at 100.

On July 15, 2019,[6] Morrison, through Counsel, filed a petition for administrative review, in which he contended that the Board had failed to award the proper amount of time credit and, consequently, miscalculated his maximum date. *Id.* at 103-04. Morrison also claimed that the Board, through this allegedly improper calculation, unconstitutionally enlarged the carceral sentence that had been imposed upon him in April 2013. *Id.* In this petition, Morrison checked the box for "Sentence Credit Challenge." *See id.* The Board denied this petition on June 22, 2020, explaining that Morrison was not entitled to credit for the time spent at liberty on parole or pre-sentence credit because he had not been detained solely on the Board's warrant before sentencing. *Id.* at 109.

On July 10, 2020, Counsel filed a Petition for Review with this Court on Morrison's behalf. Therein, Morrison challenges the Board's Order dated June 22,

---

[5] The Board's April 17, 2019 and July 9, 2019 decisions are substantively identical in all other ways. C.R. at 91-93, 100. It is well settled that "administrative agencies have the inherent authority to correct obvious typographical and clerical errors." *Bruno v. Zoning Bd. of Adjustment of Phila.*, 664 A.2d 1077, 1079 (Pa. Cmwlth. 1995). Because the only real difference between the Board's two decisions was the correction of a typographical error, the alteration did not materially change the terms of the Board's recommitment of Morrison.

[6] The record reflects that the Board's April 17, 2019 decision was not delivered to Morrison until July 3, 2019. C.R. at 91, 109. Thus, although Morrison's July 15, 2019 appeal was not filed within 30 days of the Board's decision, it was filed within 30 days from the day Morrison actually received notice of the decision. Based on the principles outlined in *Lewis v. Pennsylvania Board of Probation and Parole*, 508 A.2d 644 (Pa. Cmwlth. 1986) and *Moore v. Pennsylvania Board of Probation and Parole*, 503 A.2d 1099 (Pa. Cmwlth. 1986), we conclude that Morrison's administrative appeal was timely and will address this matter on the merits.

2020, arguing that the Board lacked sufficient evidence for its factual findings, violated its own regulations, and violated his due process rights under the United States and Pennsylvania Constitutions, because "the Board failed to credit [Morrison's April 2013] sentence with all the time to which he is entitled." Pet. for Review, ¶¶ 5-6.

On September 24, 2020, Counsel filed an Application to Withdraw and a *Turner* letter. Counsel seeks leave to withdraw from representing Morrison because Morrison's appeal is without merit. Counsel explains that, after review, he has determined that the Board did not err in recalculating Morrison's maximum sentence date as September 4, 2020. *Turner* Letter at 4-7. Counsel further concludes that there is no factual or legal basis to support Morrison's argument that this recalculated maximum date would cause Morrison to serve more time than originally imposed by the sentencing court. *Turner* Letter at 8.

## II. Discussion

Preliminarily, we again note that the recalculated maximum date on Morrison's April 2013 sentence was September 4, 2020. Therefore, it appears that Morrison has already completed the full term of that sentence. As this Court has held, "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (citations omitted). We will refuse to dismiss a moot appeal "only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without [our] court's decision." *Id.*

5

Currently, Morrison is still incarcerated within our Commonwealth's prison system at State Correctional Institution – Benner Township. *See Inmate Locator*, PA. DEP'T OF CORR., http://inmatelocator.cor.pa.gov (last visited February 18, 2021). By law, Morrison was required to complete the backtime imposed by the Board pertaining to his original April 2013 sentence before starting to serve his more recent March 2019 sentence. *See* 61 Pa. C.S. § 6138(a)(5)(i). However, if Morrison's claims are true (*i.e.*, the Board failed to credit the correct amount of time towards his April 2013 sentence and unconstitutionally extended his judicially imposed sentence), then it is possible that the Board may have erroneously impeded his ability to start serving his March 2019 sentence and, thus, improperly delayed his ultimate release from state custody. Consequently, we find that Morrison may "suffer some detriment without [our] court's decision." *Taylor*, 746 A.2d at 674. For this reason, we find that Morrison's arguments would thus, under other circumstances, be reviewable under an exception to the mootness doctrine.

Before addressing the validity of Morrison's substantive arguments, we must assess the adequacy of Counsel's *Turner* letter. Throughout this process, Morrison has only sought to challenge the Board's recalculation of his maximum date. For this reason, Counsel appropriately elected to file a *Turner* letter.[7] A *Turner* letter "must include an explanation of 'the nature and extent of [counsel's] review and list[] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless.'" *Seilhamer*, 996 A.2d at 43 (quoting *Turner*, 544 A.2d at

---

[7] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). An *Anders* brief was unnecessary in this matter, however, because none of Morrison's claims implicated his constitutional right to counsel. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).

6

928). As long as counsel's *Turner* letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby*, 964 A.2d at 960. If, however, the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

Counsel's *Turner* letter satisfies these technical requirements. It contains a recitation of the relevant factual and procedural history, discussions of each argument raised by Morrison, and a thorough explanation, backed by case and statutory law, regarding Counsel's conclusion that none of these arguments afford Morrison a valid basis for relief. Further, Counsel has appropriately provided Morrison with copies of these documents, notified Morrison about Counsel's intentions, and informed Morrison of his right to hire another lawyer to represent him in this matter or to represent himself *pro se*. Consequently, we will proceed to an independent examination of the Petition for Review, in order to determine whether any of Morrison's claims are meritorious.[8]

Morrison's first argument, that the Board erred in recalculating his maximum date, is without merit. As already noted, Morrison was reparoled on February 1, 2017. At that point, the maximum date on his sentence was June 30, 2018. The remaining unserved time on Morrison's original sentence when he was paroled was thus 514 days. The Board revoked Morrison's parole and recommitted him as a convicted parole violator on April 9, 2019. It is well settled that where the Board

---

[8] Under Section 704 of the Administrative Agency Law, our standard of review in this matter is limited to determining whether the Board violated Morrison's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. 2 Pa. C.S. § 704.

recommits a convicted parole violator to serve the balance of his original sentence, the backtime must be computed from the revocation date. *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980). Adding 514 days to April 9, 2019, results in a new maximum date of September 4, 2020. We agree with Counsel that the Board did not err in making this calculation.

Next, Counsel concludes that Morrison was not entitled to credit towards his new sentence for pre-sentence confinement time. When a parole violator is held solely on the Board's detainer, credit for that time must be applied to the individual's original sentence, but when that individual is held both on the Board's detainer and pending disposition of new charges, credit for that time must be applied towards any sentence stemming from those newer charges. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980).[9] Here, Morrison was never held solely on the Board's detainer and, therefore, was not entitled to pre-sentence credit.

Finally, Counsel notes that the Board explicitly declined to award Morrison credit for street time and explained its reasons for doing so. We agree with Counsel that Morrison was not entitled to credit for time spent at liberty on parole. Pursuant to Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2.1), the Board has the discretion to grant credit to a convicted parole violator for time spent at liberty on parole, except in a handful of circumstances that do not apply here. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466 (Pa. 2017). However, the

_____

[9] The only exceptions to this rule are where the individual is acquitted of the new charges or no new sentence is imposed, and where the time spent in pre-sentence custody exceeds the length of the new sentence. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 306 (Pa. 2003); *Gaito*. In the former situation, all credit for time held in pre-sentence detention must be applied towards the individual's original sentence, while in the latter situation, only the excess time may be credited towards his original sentence. *Martin*; *Gaito*. These exceptions are not relevant to this matter.

8

Board must provide an adequate explanation when it declines to make such an award.

Here, the Board gave its reasons for denying Morrison street time. In its April 9, 2019 hearing report, the Board recommended that credit not be given, citing "the serious nature of [Morrison's parole] [v]iolation" and his "poor supervision history[.]" C.R. at 68. In its April 17, 2019 decision, the Board stated it was denying credit, in its discretion, for the time spent at liberty on parole, because of Morrison's "prior history of supervision failures." *Id*. at 92. These statements satisfied the Board's *Pittman* duties. *See Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117 (Pa. Cmwlth. 2018).

### III. Conclusion

In accordance with the foregoing analysis, we grant Counsel's Application to Withdraw and affirm the Board's June 22, 2020 order.

_____
ELLEN CEISLER, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven C. Morrison,                  :
          Petitioner       :
                          :
     v.                    :  No. 655 C.D. 2020
                          :
Pennsylvania Parole Board,       :
          Respondent    :

# **O R D E R**

AND NOW, this 1ˢᵗ day of March, 2021, David Crowley, Esquire's Application to Withdraw Appearance is GRANTED, and the June 22, 2020 order of the Pennsylvania Parole Board is AFFIRMED.

_____
ELLEN CEISLER, Judge