518 A.2d 899

James H. Blair, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 17, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender of Cumberland County, for petitioner.

*Robert B. Stewart, III,* Chief Public Defender, for Amicus Curiae, Huntingdon County.

*Scott F. Breidenbach,* Assistant Public Defender, Chief of Parole Division, for Amicus Curiae, Montgomery County.

No appearance for respondent.

OPINION BY JUDGE MACPHAIL, December 17, 1986:

James H. Blair (Petitioner) has filed a petition for allowance of review nunc pro tunc of a decision of the Pennsylvania Board of Probation and Parole denying him administrative relief from a parole revocation order. For the reasons which follow, we will grant the petition and allow the appeal to proceed.

The issue raised by this matter involves yet another dilemma regarding the respective responsibilities of county public defenders in representing indigent parolees who have been transferred between correctional facilities during the pendency of parole revocation proceedings and appeals. The petition now before us states that Petitioner, who was then represented by the Cumberland County Public Defender's Office (Cumberland Public Defender), was recommitted as a convicted and technical parole violator by Board order dated November 6, 1985. The Cumberland Public Defender subsequently sought administrative relief on behalf of

Petitioner which was granted in part and denied in part by the Board on February 12, 1986.

On or about January 28, 1986, Petitioner was moved to the state correctional facility in Huntingdon County (SCI-Huntingdon). The Huntingdon County Public Defender's Office (Huntingdon Public Defender) was notified on or about February 20, 1986 of Petitioner's incarceration in Huntingdon County and was notified by the Cumberland Public Defender of appealable issues in Petitioner's parole case. Petitioner's file compiled by the Cumberland Public Defender was also forwarded to the Huntingdon Public Defender at that time.

By letter dated February 24, 1986, the Huntingdon Public Defender advised Petitioner that he should file a *pro se* appeal with this Court. The letter further states that:

> Our office has taken the position that *once appointed by the court,* we step in, represent you in these matters, file an Amended Petition for Appeal, etc., if necessary. However, it is our opinion that we cannot get involved in the case until ordered to do so by the Commonwealth Court.
>
> Please file pro se, and we will take over the case once we receive notice from the Court.

(Emphasis in original.) Unfortunately, rather than file a petition for review with this Court, Petitioner again requested administrative relief from the Board, and in so doing failed to perfect a timely appeal. Based on Petitioner's further requests for legal assistance, the Cumberland Public Defender filed the instant petition for allowance of review nunc pro tunc on behalf of Petitioner.

It is now well settled that indigent parolees are entitled to the assistance of counsel both at parole revoca-

tion hearings and in the prosecution of subsequent appeals as of right. *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050 (1981). The right to effective counsel includes the right to assistance *in the task of perfecting an appeal* from a denial of administrative relief by the Board. *Id.* at 560, 421 A.2d at 1026; *see also Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 218 A.2d 811 (1966). Moreover, we have held that the county in which an indigent parolee is incarcerated must, upon proper request, provide counsel at Board revocation hearings, *Passaro v. Pennsylvania Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981) and that we will, when required, appoint counsel from the county of incarceration to prosecute appeals in parole revocation matters. *Brewer v. Pennsylvania Board of Probation and Parole,* 90 Pa. Commonwealth Ct. 75, 494 A.2d 36 (1985).

The narrow issue which we must now decide is whether a county public defender must provide requested legal assistance to an indigent parolee in perfecting an appeal to this Court prior to any court-ordered appointment. We conclude that such assistance is clearly mandated by existing case law and that such assistance should be provided by the public defender in the county of incarceration.

The Huntingdon Public Defender contends that his office has been required "to guess" as to when to become involved in parole revocation appeals involving parolees who have been transferred to SCI-Huntingdon following revocation hearings held elsewhere.[1] We can-

---

[1] The Huntingdon Public Defender also states in his brief that the duty to represent parolees is a "court-created duty" which need only be performed upon court-appointment. We observe, however, that the entitlement of parolees to the assistance of effective coun-

not see how any guesswork was involved, however, under the facts of the instant case. Upon Petitioner's transfer to SCI-Huntingdon the Public Defender's office was notified by both the Petitioner and the Cumberland Public Defender of his desire to appeal to Commonwealth Court. Moreover, the contents of Petitioner's file on the matter were expeditiously forwarded to the Huntingdon Public Defender. We see no need under the facts of this case to set forth specific guidelines to be followed by public defenders in effecting such transfers of legal representation. The procedures followed and notification given here by Petitioner and the Cumberland Public Defender were clearly adequate to put Huntingdon's Public Defender on notice that his legal assistance was being requested.[2]

We conclude that the policy adopted by the Huntingdon Public Defender of waiting for a court-ordered appointment before rendering legal assistance to an incarcerated, indigent parolee whose desire for such assistance has been conveyed to the Public Defender results in a denial of the Petitioner's right explicated

---

sel, including such assistance in perfecting appeals, is a matter either of constitutional rights, *see Bronson*, or of statutory rights created by Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. §9960.6(a) which requires that the public defender provide legal counsel to indigents in cases involving:

> (10) Probation and parole proceedings and revocation thereof;

*See also Coades v. Pennsylvania Board of Probation and Parole*, 84 Pa. Commonwealth Ct. 484, 480 A.2d 1298 (1984). In any event, there is no need for court-appointment on a case-by-case basis, thus, following Petitioner's transfer to SCI-Huntingdon, the Huntingdon Public Defender was clearly required to provide requested assistance in perfecting an appeal to this Court.

[2] We do not intend by our approval of the procedures followed in the instant case to imply that this is *the only* satisfactory means of transferring responsibility between public defender offices.

to counsel. The need for effective assistance of counsel in perfecting appeals to this Court has been made clear by the facts of this case. Had effective assistance been granted to Petitioner as requested, the need for the instant petition for appeal nunc pro tunc would have been obviated. Since the failure of Petitioner to file a timely appeal was due to an improper deprivation of the assistance of counsel, we will grant the petition and allow the appeal to proceed nunc pro tunc.

ORDER

The petition for allowance of review nunc pro tunc in the above-captioned matter is hereby granted. The Office of the Public Defender of Huntingdon County shall act as counsel for James H. Blair, Petitioner, so long as he remains incarcerated at the State Correctional Institution at Huntingdon and is directed to file a petition for review within fifteen (15) days of the date of this order.