527 A.2d 1080

Stephen Snipes, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on Briefs April 14, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Robert B. Stewart, III*, Chief Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, June 23, 1987:

Stephen Snipes (Petitioner) appeals from the September 18, 1986 denial of his application for administrative relief by the Pennsylvania Board of Probation and Parole (Board). We affirm.

On June 13, 1985, Petitioner was ordered to serve 78 months backtime as a technical and convicted parole violator. The Board order included notice that if Petitioner wished to appeal the decision, a request for administrative relief must be filed within thirty days. Although not included in the certified record, Petitioner alleges that he wrote a letter to the Board on December 7, 1985 expressing his confusion over the wording of the Board's order. The record does include a letter from counsel with the Philadelphia Defender's Association,[1] dated March 7, 1986, requesting a review of Petitioner's file and raising the possibility of a violation of our Supreme Court's ruling in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). The Board responded to this communication on April 1, 1986, rejecting therein any challenge on the basis of *Rivenbark*. Subsequently, Petitioner requested administrative relief on September 12, 1986 by a letter in which he outlined his contentions regarding several issues including the applicability of *Rivenbark* to his case. The Board responded on September 18, 1986 by again rejecting the *Rivenbark* argument and dismissing all other issues as untimely.

Petitioner filed a *pro se* petition for review with this Court following the Board's September 18, 1986 denial of administrative relief. The Public Defender of Huntingdon County has been appointed to represent Petitioner in the instant appeal. In response to the appeal petition, the Board filed a motion to limit the issue on appeal to that of timeliness with the exception of the issue of the applicability of *Rivenbark*. We granted the

---

[1] The attorney who was contacted by Petitioner was not, apparently, the same counsel who represented Petitioner at the Board revocation hearing. Instead, it appears that Petitioner contacted counsel who had represented him in criminal court.

motion to limit by *per curiam* order dated February 18, 1987.

We will, accordingly, first address the issue of the timeliness of Petitioner's request for administrative relief keeping in mind that 37 Pa. Code §71.5(h) clearly limits the time period for filing such requests to thirty days following entry of the Board's order. As reflected by the procedural history detailed above, the earliest possible date on which a request for administrative relief was filed was December 7, 1985, almost six months after the Board's June 13 revocation order. Moreover, the request for administrative relief which is the subject of the instant appeal was not filed until September 12, 1986, some fifteen months following the Board's order.

Though Petitioner's request for administrative relief would, therefore, appear to be untimely, Petitioner argues that his late filing should not be fatal to his case, since he was operating without the benefit of counsel when he filed for administrative relief.[2] Petitioner contends that our recent holding in *Blair v. Pennsylvania Board of Probation and Parole*, 102 Pa. Commonwealth Ct. 478, 518 A.2d 899 (1986), supports his position. In *Blair*, we noted that indigent parolees are entitled to the effective assistance of counsel at parole revocation hearings and in prosecuting subsequent appeals as of right. Implicit in our decision, however, was the recognition that in order for such representation to be required the parolee must *request* that legal counsel become involved.

In the instant case, Petitioner was represented by counsel at his revocation hearing. As noted previously, the order revoking his parole included notice that Peti-

---

[2] Petitioner prepared a *pro se* brief on this issue which his present counsel moved to have accepted and deemed timely filed. This Court denied the motion by *per curiam* order dated March 23, 1987.

tioner was entitled to the assistance of counsel in pursuing a request for administrative relief. The order also includes a notation which indicates that a copy of the decision was sent to counsel who had represented Petitioner at the revocation hearing.[3] We are satisfied that the Board did all that could be required of it in this case to inform Petitioner of his right to counsel in the appeals process.[4] Following receipt of the revocation order and the notice provided therein, we believe it was then incumbent on Petitioner to promptly request further legal representation by his hearing counsel.[5] The record does not reveal that any such request was made.[6] We, accordingly, conclude that Petitioner has failed to establish adequate grounds for an appeal *nunc pro tunc*. Thus, we affirm the Board's denial of administrative relief as untimely filed as to all issues except the applicability of *Rivenbark*.

With respect to the *Rivenbark* issue, we conclude that the Board acted properly in addressing that issue

---

[3] Notice of a revocation order must be provided to the parolee's attorney pursuant to 37 Pa. Code §§71.2(19) and 71.4(9).

[4] While we approve of the Board's provision of written notice regarding the right to counsel in filing for administrative relief, we observe that even this notice is not strictly required by the Board's regulations.

[5] We render no opinion regarding the respective roles which an indigent parolee and counsel who represented him at a revocation hearing should play in initiating communications regarding whether an appeal will be taken. *See Lewis v. Pennsylvania Board of Probation and Parole,* 97 Pa. Commonwealth Ct. 271, 508 A.2d 644 (1986) (public defender is appointed to represent the parolee in all respects including providing prompt notice of any Board decisions).

[6] In early 1986, Petitioner apparently did contact counsel with the Philadelphia Defender's Association for assistance in filing for administrative relief. As discussed in note 1 *supra,* however, the attorney who was contacted was not the same counsel who represented Petitioner at the Board revocation hearing.

on the merits. We have previously recognized that the Board may address requests for reconsideration, as opposed to those for administrative relief, beyond the thirty day appeal period provided by 37 Pa. Code §71.5(h). *Threats v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 315, 518 A.2d 327 (1986). We believe that Petitioner's September 12 letter could be construed as such a request. Moreover, since *Rivenbark,* which was decided on December 10, 1985, is entitled to retrospective effect[7] we believe the Board acted properly in deciding to consider Petitioner's argument regarding the applicability of *Rivenbark* to his case. *See Threats.*

Petitioner's argument regarding *Rivenbark* relates solely to his three technical parole violations: No. 1 (leaving the district without prior written permission of parole staff); No. 2 (moving approved residence without permission); and No. 3(a) (failing to report regularly as instructed). He argues that since the technical violations all resulted from his action in leaving Pennsylvania and travelling to North Carolina, they constitute an improper duplication and may not support an increased period of recommitment. Thus, Petitioner contends that the rationale of *Rivenbark* should be extended to require that where a single act,[8] which does not itself constitute a crime, results in a violation of more than one condition of parole, the violations must be consolidated for purposes of imposing backtime. We must reject this argument.

---

[7] *Brewer v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 423, 507 A.2d 934 (1986).

[8] While we are not convinced that Petitioner's action in moving from Pennsylvania to North Carolina for several months in order to avoid arrest in Pennsylvania can properly be viewed as a single "act," we will accept Petitioner's characterization for purposes of argument.

In *Rivenbark,* the Supreme Court held that "a parolee may not be recommitted as a technical violator based upon an act constituting a new crime of which he is convicted." *Id.* at 255, 501 A.2d at 1114. This ruling was *not* based on constitutional double jeopardy grounds, but rather, is supported by the statutory language of Section 21.1 of the Act of August 6, 1941 (Act),[9] 61 P.S. §331.21a. In construing that provision, the Supreme Court observed that Section 21.1(b) of the Act specifically excludes a parolee from recommitment as a technical violator when the technical violation also constitutes a crime for which he is convicted.[10]

Our review of the Act reveals that there is no similar express prohibition regarding multiple technical violations which arise based on a single act of the parolee. We observe that the technical conditions themselves are not duplicative, but rather, coincidentally may arise as discrete aspects of a single action such as that taken by Petitioner in leaving his parole district for an extended period of time. Just as multiple convictions which arise from the same criminal event may support separate recommitment periods, *Perry v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 548, 485 A.2d 1231 (1984), we conclude that multiple technical violations may arise from a single action of a parolee and will support application of the multiple violation presumptive ranges set forth in 37 Pa. Code §75.4. In sum, we fail to see how the statutory interpretation undertaken in *Rivenbark* has any application to the instant case.

---

[9] P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401.

[10] In *Rivenbark,* the parolee had been recommitted as a technical parole violator for possessing a weapon. He had also been recommitted as a convicted parole violator for possessing a firearm. The Court concluded that this type of duplicative recommitment, while constitutionally sound, was violative of the Act.

We, accordingly, will affirm the Board's denial of administrative relief.

## ORDER

The order of the Pennsylvania Board of Probation and Parole denying Petitioner's application for administrative relief is affirmed.