583 A.2d 874

Eugene ROBINSON, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 1990.

Decided Dec. 7, 1990.

John W. Packel, Asst. Defender, Chief of Appeals Div., with him, Ellen T. Greenlee, Philadelphia, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Eugene Robinson appeals from an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief.

Robinson was paroled on March 7, 1988 from a sentence of twenty (20) months to forty-four (44) months imposed by the Court of Common Pleas of Philadelphia County. Among the conditions of parole placed on Robinson at that time was condition 5a:

> You shall abstain from the unlawful possession, or sale of, narcotics and dangerous drugs and abstain from the use of controlled substances within the meaning of [T]he Controlled Substances, Drug, Device and Cosmetic Act (35 P.S. §§ 780–101–780–144) [1] without a valid prescription.

Robinson was arrested on December 6, 1988 in Philadelphia County and charged with possession of dangerous drugs and possession with intent to deliver cocaine.

On April 10, 1989, Robinson was arrested on a Board warrant charging several technical parole violations, including a violation of condition 5a, specifically, "On 4/10/89, you admitted to agent that you were addicted to cocaine." A parole revocation hearing was held on June 8, 1989, and Robinson admitted the violation of condition 5a. In a notice mailed August 24, 1989, Robinson was ordered recommitted to a State Correctional Institution to serve twelve (12)

---

1. The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–101–780–144.

months backtime, three (3) months of which were for violation of condition 5a.[2]

On August 4, 1989, Robinson pled nolo contendere to charges of knowing or intentionally possessing a controlled substance and manufacture, delivery or possession with intent to manufacture or deliver a controlled substance. Robinson was placed on five (5) years probation under Section 17 of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[3]

On October 2, 1989, a "notice of charges and hearing" was sent to Robinson charging violation of condition 5a: "On 8/4/89 you plead [sic] guilty in a Court of Record of Know[ing]/Poss[ession] of a Controlled Sub[stance], and Manufacture with intent to deliver a controlled substance. *On 12/6/88 you were in possession of cocaine* ". (Emphasis added.) A hearing on the charges was held on November 7, 1989 and in a notice mailed on January 30, 1990, Robinson was ordered recommitted as a technical parole violator for an additional five (5) month period of backtime for a total of seventeen (17) months.

**2.** Robinson did not file with the Board a request for administrative relief for this revocation and it is not under consideration in this appeal.

**3.** 35 Pa.S. § 780–117 provides as follows:

A person may be entitled to probation without verdict under the following circumstances:

(1) A person who has not previously been convicted of an offense under this act or under a similar act of the United States, or any other state, is eligible for probation without verdict if he pleads nolo contendere or guilty to, or is found guilty of, any nonviolent offense under this act. The court may, without entering a judgment, and with the consent of such person, defer further proceedings and place him on probation for a specific time period not to exceed the maximum for the offense upon such reasonable terms and conditions as it may require....

. . . .

(3) Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal shall be without adjudication of guilt and shall not constitute a conviction for any purpose whatever, including the penalties imposed for second or subsequent convictions: Provided, That probation without verdict shall be available to any person only once....

On February 27, 1990, Robinson requested administrative relief of the January 30, 1990 order of the Board alleging that the second recommitment was for the same conduct as the first. On March 26, 1990, the Board denied Robinson's request for administrative relief, stating:

It is the position of the Board that the violations are separate and distinct acts. One can possess drugs without using. It is, therefore, the position of the Board that there was no violation of your client's rights of due process nor was there any double jeopardy violation.

This appeal followed.

 Robinson contends that the charges in the two violation hearings were so interrelated as to be duplicative. Robinson cites as support our Supreme Court decision in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). In *Rivenbark*, the Court held that the Board could not order a parolee to serve a period of recommitment as a technical parole violator (TPV) for an act violative of the terms and conditions of his parole which also constituted a new crime for which he has been convicted. The Board correctly points out that *Rivenbark*, on its facts, is not applicable to the instant case because the Board did not award additional backtime on the basis that Robinson was a *convicted* parole violator (CPV), but for two different *technical* parole violations. However, in the absence of controlling precedent dealing with this situation where the second Board action is predicated not upon a conviction, but on the basis of probation without verdict under Section 17 of the Drug Act, we will apply *Rivenbark* by analogy.

 Robinson argues that when the Board recommitted him for the technical violation of use of drugs because he was an "addict," the Board also, by necessity, determined that he possessed drugs and used drugs on numerous occasions. Since his possession of drugs was established in the first violation hearing, to charge him with a second technical violation for possession and use is to assess two backtimes for the same offense. The Board contends that

despite the two violations, *i.e.*, (a) possession, and (b) use as an "addict," it "did not recommit Robinson for one specific incident of cocaine use; rather, it recommitted him for his admitted habitual use, without specification of any precise date of usage." It further contends that the second award of backtime for possession of cocaine on a specific date, *i.e.*, December 6, 1988, is a separate and distinct act subject to an individual backtime.[4] While we agree with the Board's statement that it is possible to possess drugs without using them, we are unwilling to accept the converse of this proposition which the Board is suggesting by the sequence of the violation hearings, that it is possible to use drugs without possessing them. Therefore, we hold that on these facts, the second technical violation cannot be imposed upon the act or acts for which a technical violation has already been imposed because the act here is incapable of severance into separate and distinct violations. Absent from any of the Board's evidence is any indication that Robinson *sold* cocaine, which act, of course, would not be coextensive with his *use* of drugs. *See Threats v. Pennsylvania Board of Probation and Parole*, 520 Pa. 182, 553 A.2d 906 (1989).

Accordingly, we hold that the second backtime of five months was improper and reverse the order of the B~ard denying administrative relief.

## ORDER

NOW, December 7, 1990, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is reversed.

4. Multiple technical violations may arise from a single act of a parolee where the violations are discrete aspects of the single action. *Snipes v. Pennsylvania Board of Probation and Parole*, 107 Pa.Commonwealth Ct. 72, 527 A.2d 1080 (1987). In *Snipes*, the parolee's action of leaving Pennsylvania and travelling to North Carolina resulted in the parolee being charged with three technical violations; leaving the district without prior written permission of parole staff, moving approved residence without permission, and failing to report. *See also Clifford v. Pennsylvania Board of Probation and Parole*, 130 Pa.Commonwealth Ct. 569, 568 A.2d 1349 (1990), (parolee's act of drinking in a restaurant resulted in two technical violations of a special condition of parole; "must not consume alcohol or, for any reason, enter bars or other establishments that serve alcohol.")