# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Madison,                              :
                                               :
                    Petitioner                 :
                                               :
          v.                                   :    No. 1138 C.D. 2018
                                               :    Submitted: March 8, 2019
Pennsylvania Board of Probation                :
and Parole,                                    :
                                               :
                    Respondent                 :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                         **FILED:  July 23, 2019**


          Lawrence Madison petitions for review of the Order of the Pennsylvania
Board of Probation and Parole (Board) mailed July 18, 2018, denying Madison's
administrative appeal from the Board Decision mailed December 29, 2017,
recommitting Madison as a convicted parole violator (CPV) to serve his unexpired
term of two years, six months.  The Decision further recalculated Madison's parole
violation maximum date to May 15, 2020.  On appeal, Madison argues in his brief[1]

---

[1] While additional issues are raised in Madison's amended petition for review, arguments
on those issues were not developed in the brief filed with this Court.  Thus, those issues are
waived.  *See* Pennsylvania Rule of Appellate Procedure 2119(a), Pa.R.A.P. 2119(a) (requiring
that a brief contain discussion and citation to pertinent authorities on each issue); *Rapid Pallet v.*
*(Continued…)*

that he was denied his right to counsel during the administrative review process and that a remand is necessary for an evidentiary hearing on his claims that he requested counsel and no one acted upon his request. Upon review, we affirm.

In 2006, Madison pled guilty to various theft-related crimes and was sentenced to serve, concurrently, multiple sentences of two to four years and two to five years. (Sentence Status Summary, Certified Record (C.R.) at 1-3.) In January 2009, Madison was released on parole from these sentences. (Moves Report, C.R. at 151.) Madison was arrested in 2011 on new criminal charges, of which he was convicted, and in 2012, was recommitted as a CPV, at which time his maximum violation date was recalculated.[2] (Sentence Status Summary, C.R. at 3; Moves

---

*Unemployment Comp. Bd. of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) (failure to properly develop argument on an issue in a brief will result in waiver of the issue).

[2] Madison has filed an application for relief (Application), requesting that we direct the Board to supplement the certified record in this matter with all records and documentation related to his 2012 revocation proceedings in order to allow "counseled review of these records and, if necessary, an opportunity to petition to amend [Madison's] brief[,] should cognizable issues arise." (Application ¶ 9.) It is well-settled that we cannot consider documents not a part of the record before the governmental unit. Pennsylvania Rule of Appellate Procedure 1951(a), Pa.R.A.P. 1951(a); *Anam v. Workmen's Comp. Appeal Bd.*, 537 A.2d 932, 934 (Pa. Cmwlth. 1988). However, "[i]f anything **material** to any party is omitted from the record . . . , the parties may at any time supply the omission . . . , or the court may . . . direct that the omission . . . be corrected and, if necessary, that a supplemental record be prepared and filed." Pa.R.A.P. 1951(b) (emphasis added). Madison acknowledges that the current matter involves the **2017 revocation** but asserts that his revocation history relates to whether the Board previously calculated his prior maximum dates correctly, which is the starting point for the current recalculation. Counsel is correct that Madison has "only . . . one opportunity to appeal the re-calculation of his maximum sentence," (Application ¶ 9), and, while Madison has the opportunity to appeal the current recalculation of his maximum date, it appears that he already challenged the Board's 2012 revocation and was unsuccessful. *See Madison v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 277 C.D. 2013, filed April 7, 2014) (affirming the Board's decision in 2012, revoking Madison's parole, and recommitting him as a CPV). The issue here relates to Madison's 2017 parole revocation and whether he was denied his right to counsel in those proceedings. Therefore, the documents and records related to the 2012 revocation are not **material** to the question presently before the Court. Accordingly, we deny the Application.

2

Report, C.R. at 151.) Madison was reparoled on May 16, 2014, to a state detainer for his 2011 criminal convictions. (Notice of Board Decision (April 28, 2014), C.R. at 6-7; Order to Release on Parole/Reparole, C.R. at 8-12; Sentence Status Summary, C.R. at 13-14.) Madison was paroled from his 2011 convictions by Board Decision, dated October 27, 2014, and he was released on February 18, 2015. (C.R. at 16-17, 19-20.)

On January 27, 2016, the Peters Township Police Department in Washington County arrested Madison on multiple charges (Washington County Charges). (Criminal Arrest and Disposition Report, C.R. at 25; Police Criminal Complaints (Washington County), C.R. at 27-34.) The Board issued a Warrant to Commit and Detain Madison on the same date. (Warrant to Commit and Detain, C.R. at 24.) The Pennsylvania State Police in Uniontown, Fayette County, filed charges against Madison on January 5, 2016, (Fayette County Charges). (Police Criminal Complaints (Fayette County), C.R. at 37-40.) Finally, on January 29, 2016, and February 1, 2016, criminal charges were filed against Madison in Allegheny County (Allegheny County Charges), and he was arrested by the Upper St. Clair Police Department on those charges on February 4, 2016. (Police Criminal Complaints (Allegheny County), C.R. at 43-49, 54-58; Criminal Arrest and Disposition Report, C.R. at 52.)

In a Notice of Charges and Hearing, which Madison signed on February 9, 2016, the Board advised Madison of these four arrests and sets of new criminal charges. (C.R. at 65-66.) Following a hearing, at which Madison was represented by a public defender, the Board detained Madison pending disposition of the new criminal charges. (Preliminary/Detention Hearing Report, C.R. at 68-71; Notice of Board Decision (March 15, 2016), C.R. at 72.)

3

Madison pled guilty to some, but not all, of the Washington County Charges on December 16, 2016, for which he received a sentence of 5 to 10 years and 2 sentences of 3½ to 7 years, all of which were to run concurrently.[3] (C.R. at 75-76.) Madison pled guilty to the Fayette County Charges and was sentenced on January 6, 2017, to one year of probation, to run concurrent with the sentence on the Washington County Charges. (*Id.* at 77-79.) Madison pled guilty to several of the Allegheny County Charges[4] and was sentenced on June 21, 2017, to one to two years on one count, followed by one year of probation, and one year of probation on two counts. (*Id.* at 116-18.)

The Board issued multiple Notices of Charges/Hearing based on Madison's convictions of the Washington County Charges, Fayette County Charges, and Allegheny County Charges. (*Id.* at 96, 108, 148, 181.) Madison signed one of the Notices, which included all of his new convictions, on October 10, 2017, after he was returned to a state correctional institution (SCI) on October 2, 2017. (*Id.* at 181, 183, 188.) He waived his rights to a panel hearing, a revocation hearing, and counsel, and admitted that he pled guilty to the various new criminal charges. (*Id.* at 181, 183-88.) Based on his admissions and the criminal dockets from the three courts of common pleas, the Board recommitted Madison as a CPV to serve the remainder of his unexpired term, did not give Madison credit for his time spent at liberty on parole (street time), and recalculated Madison's parole violation maximum date to May 15, 2020. (Hearing Report and Exhibits, C.R. at 190-91, 195-234; Order to Recommit, C.R. at 237; Board Decision, C.R. at 239-40.) The Board explained it denied Madison credit for his street time because he had "parole

---

[3] The remaining charges were *nolle prossed.*
[4] The remaining charges were changed or withdrawn.

4

failure similar to the instant offense." (C.R. at 239-40.) The Board's Decision advised Madison that he had the right to request administrative relief within 30 days of the Decision, that he had the right to an attorney for that appeal and for any subsequent appeal, that counsel from the county public defender's office was available at no cost, and that any request for a public defender should be sent directly to the public defender's office. (*Id.* at 240.)

Madison filed an administrative remedies form on January 11, 2018, asserting both a recommitment challenge and a sentence credit challenge. (*Id.* at 241.) In his challenge, citing the length of his 2011 sentences, Madison argued that the Board's calculations were "wrong" and that his 2012 revocation hearing "was untimely and dismissed." (*Id.*) He asserted "[s]ince then the Board has done everything within its power to contradict these facts[;] this is another instance that [it is] above the Law." (*Id.*) Madison further explained in his sentence credit challenge that "the Board is well aware of [his] arrest date and [his] time spent in jail, so [he is] challenging that there are no issues concerning credit other than personal [] or retaliation from Board members [] Court's remedy." (*Id.*) Madison did not check the box on the administrative remedies form, which would indicate that he was attaching additional pages or information to the form. (*Id.*) Notably, the administrative remedies form contained language similar to that on the Board's Decision that there was a right to counsel in this appeal, counsel was available from the county public defender's office, and a request for counsel should be sent directly to the public defender's office. (*Id.*) Thereafter, on February 5, 2018, Madison sent correspondence to the Board referring to his appeal of the Board's Decision mailed in December and "requesting a copy of the appeal." (*Id.* at 243.)

5

He sought no other information and made no other inquiries regarding his appeal in this correspondence. (*Id.*)

By Order mailed July 18, 2018, the Board affirmed the Decision. The Board held that Madison's recommitment as a CPV, based on his various new convictions, was supported by substantial evidence, including his admissions, and there was no error of law or violation of his constitutional rights. (*Id.* at 246.) The Board further explained that its recalculation of Madison's maximum date was based on the time remaining on his sentence (912 days), that no sentence credit was available because he had not been detained solely on the Board's warrant, and that he did not become available to begin serving his backtime until November 15, 2017, the date the Board voted to recommit him as a CPV. (*Id.*)

Madison filed a pro se petition for review, in which he raised, for the first time, an assertion that he did not receive the legal counsel, to which he was entitled, during the administrative review process related to his 2017 revocation. This claim is reiterated in the amended petition for review, filed by appointed counsel (Counsel). (Amended Petition for Review ¶ 6.) Madison asserted in his pro se petition that he filled out the form requesting counsel and "sen[t] it in with his administrative [sic] form, [and] no lawyer came forward." (Pro Se Petition for Review ¶ 4.) According to Madison, in his administrative remedies form, he drafted the "two paragraphs [that] attempted to explain himself as a layman" and the Board "exploited [Madison] and took full advantage of his lack of legal knowledge" in denying his appeal. (*Id.* ¶ 5.) Madison acknowledges in his brief that his request for counsel does not appear in the Certified Record. Counsel indicates that Madison sent her correspondence detailing his unsuccessful attempts

6

to obtain a copy of that request from the Board, via the Right-to-Know Law.[5] Madison further acknowledges that the appeal directions, included with the Decision and on the administrative remedies form, advise that a request for counsel had to "be sent directly to the Public Defender's Office in the County where you currently reside." (Madison's Brief (Br.) at 19 (quoting C.R. at 240-41).) Notwithstanding those instructions, Madison claims he sent his request for counsel to the Board along with his administrative remedies form. However, Counsel states Madison "has not explained why he elected to proceed that way, whether he in fact received the name/address of the Public Defender's Office in Erie County, or whether he also reached out to that office." (*Id.*) Given these factual questions and the nature of the right at issue, Madison requests that this Court remand this matter for an evidentiary hearing, as the existing record is insufficient for a determination on his request for counsel. (*Id.* at 19-20 (citing *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1095 (Pa. Cmwlth. 2013)).)

The Board responds that Madison has waived his argument because he "**did not** ask to be appointed counsel, or assert that he was entitled to be appointed counsel" in his administrative remedies form or subsequent correspondence related to that appeal. (Board Br. at 9 (citing C.R. at 241-44) (emphasis in original).) According to the Board, Madison was required to raise all of his claims before it, and any claim not so raised cannot be asserted on further appeal to this Court. Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. § 703(a); Pennsylvania Rule of Appellate Procedure 1551(a), Pa.R.A.P. 1551(a);[6] *see, e.g.*,

---

[5] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101—67.3104.

[6] The exceptions to this general prohibition in Rule 1551(a) do not apply here because Madison is not challenging the validity of a statute, challenging the Board's jurisdiction, or asserting that raising the issues before the Board would have been futile.

*McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). The Board notes it has no record of Madison's request for counsel, and Madison did not advise the Board that he had requested counsel from the public defender's office in his administrative appeal. As for the request for a remand to require an evidentiary hearing, the Board disagrees that such a hearing is necessary because, while Madison has the right to be represented by counsel, the Board had no responsibility to appoint counsel for him; it was on Madison to file a request for counsel to the public defender's office. *Passaro v. Pa. Bd. of Prob. & Parole*, 424 A.2d 561, 564 (Pa. Cmwlth. 1981).

"[I]ndigent parolees are entitled to the assistance of counsel both at parole revocation hearings and in the prosecution of subsequent appeals as of right." *Blair v. Pa. Bd. of Prob. & Parole*, 518 A.2d 899, 900 (Pa. Cmwlth. 1986). "In order for such representation to be required[,] **the parolee must request** that legal counsel become involved." *Snipes v. Pa. Bd. of Prob. & Parole*, 527 A.2d 1080, 1081-82 (Pa. Cmwlth. 1987) (emphasis added). However, the Board has no "duty [or] responsibility [to] appoint . . . counsel for indigents appearing before it." *Passaro*, 424 A.2d at 565 (quoting *Patterson v. Pa. Bd. of Prob. & Parole*, 258 A.2d 683, 684 (Pa. Super. 1969)). Consistent with these principles, the Board notifies parolees in their various decisions and on the administrative remedies forms of the right to counsel, that counsel may be available from the county public defender's office, and that parolees are to submit requests for representation directly to the public defender's office. It is "incumbent on [the parolee] to promptly request . . . legal representation." *Snipes*, 527 A.2d at 1082.

Here, Madison acknowledges that he did not request counsel directly from the public defender's office. Instead, Madison claims that he sent that request to

8

the Board with his administrative remedies form. However, there is no mention on the administrative remedies form itself of this request, and the administrative remedies form submitted does not reflect that Madison was attaching or including anything else with the form. (C.R. at 241.) Additionally, when Madison subsequently contacted the Board regarding his appeal by correspondence approximately three weeks later, he made **no mention of any request for counsel that had been unmet**. (*Id.* at 243.) If Madison was concerned that no counsel stepped forward to aid him in prosecuting his appeal, there is **nothing in his follow-up correspondence** that reflected that concern. As set forth above, it is incumbent on the parolee to request legal representation directly from the county public defender's office, and the Board does not have a duty or obligation to appoint counsel for the parolees who appear before it. *Snipes*, 527 A.2d at 1082; *Passaro*, 424 A.2d at 565.

We note that in past cases, such as *Smith* cited by Madison, where we have remanded due to questions about a parolee's legal representation, there were allegations that the parolee's request for representation was directed to a public defender's office and was not timely acted upon, resulting in an untimely appeal. Under those circumstances, we have remanded for fact finding to determine whether *nunc pro tunc* relief would be appropriate. *Smith*, 81 A.3d at 1092, 1094-95; *Larkin v. Pa. Bd. of Prob. & Parole*, 555 A.2d 954, 957-58 (Pa. Cmwlth. 1989); *Blair*, 518 A.2d at 900-01; *Gonzalez v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 784 C.D. 2015, filed Dec. 30, 2015). Those are not the facts here. For these reasons, we agree with the Board that Madison has not preserved the issue that he properly requested counsel who did not come forward to assist him in

9

his administrative appeal, which would raise a question of an improper denial of counsel, and that no remand is required.

As Madison presents no other arguments to challenge the merits of the Board's Order affirming the Decision, we affirm that Order.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Madison,                          :
                                           :
                    Petitioner             :
                                           :
            v.                             :   No. 1138 C.D. 2018
                                           :
Pennsylvania Board of Probation            :
and Parole,                                :
                                           :
                    Respondent             :

# **O R D E R**

Now, July 23, 2019, the Application for Relief filed by Lawrence Madison is **DENIED**, and the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER, Judge**