# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John R. Mesko, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1751 C.D. 2019 |
| | : | Submitted: July 17, 2020 |
| Pennsylvania Board of Probation and | : | |
| Parole, | : | |
| Respondent | : | |

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE ELLEN CEISLER, Judge

OPINION BY
JUDGE COHN JUBELIRER                    FILED: January 25, 2021

John R. Mesko (Mesko) petitions for review of the November 21, 2019 Order of the Pennsylvania Board of Probation and Parole[1] (Board) that denied Mesko's Petition for Administrative Review (Petition) challenging the Notice of Board Decision mailed December 28, 2018 (December 28, 2018 Decision) declining to award Mesko credit for time spent at liberty on parole, recalculating Mesko's parole violation maximum date and reparole eligibility date, and ordering Mesko to serve 24 months of backtime concurrently to serving 5 months and 13 days based on his recommitment as a convicted parole violator (CPV). On appeal,

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

Mesko's sole argument is that the public defender's office impermissibly denied him his constitutional and statutory right to counsel during the administrative review process. The Board does not dispute the validity of Mesko's claim that he was denied counsel but argues that Mesko waived this issue by not raising it in his administrative appeal and that Mesko suffered no prejudice from the denial of counsel. Because Mesko was wrongfully denied his right to counsel and did not waive this issue, we vacate the Board's Order and remand this matter for further proceedings.

## I. BACKGROUND

The pertinent facts are as follows. On March 4, 2014, the Board paroled Mesko from his original sentence,[2] which had a maximum date of December 5, 2016, and he was released on May 12, 2014. Mesko then applied for Interstate Compact Transfer to live in Ohio with his cousin, and Ohio accepted supervision and confirmed his arrival on August 28, 2014.

Relevant to this matter, on January 27, 2017, Mesko was arrested following new sets of criminal charges stemming from three separate incidents that occurred in 2016, prior to the expiration of his maximum sentence date. He also allegedly absconded from his Ohio residence in 2016, likewise prior to the expiration of his maximum sentence date. The Board issued a Warrant to Commit and Detain in which the Board noted Mesko's maximum sentence would be extended due to a period of delinquency and the new maximum would be computed upon the Board's final action. The Board notified Mesko of a detention hearing based upon

---

[2] Mesko was serving consecutive sentences following probation revocation on Mesko's convictions for two counts each of criminal conspiracy and burglary.

2

his three sets of new criminal charges and for his alleged technical violation of changing his residence without permission. After Mesko waived his rights to counsel and a hearing and also signed an admission form to the technical violation, the Board recommitted Mesko as a technical parole violator to serve six months or the unexpired term, whichever was less,[3] for changing his residence without permission and established a new maximum parole violation date of July 12, 2017, which remained subject to change if Mesko was convicted of his pending charges. The Board then cancelled the Warrant to Commit and Detain effective July 12, 2017.[4]

On October 2, 2018, Mesko pled guilty to and was convicted of one charge each of possession of drug paraphernalia, receiving stolen property, and theft by unlawful taking, all stemming from the 2016 charges. These convictions resulted in sentences of six months to one year, two to four years, and one to two years of incarceration, respectively, to be served concurrent to one another. Thereafter, the Board again issued a Warrant to Commit and Detain and provided Mesko with a Notice of Charges and Hearing reflecting these new convictions and sentences. Mesko waived his rights to counsel and a revocation hearing and admitted to the above convictions. The Board issued the December 28, 2018 Decision recommitting Mesko as a CPV and ordering Mesko to serve 24 months of backtime concurrently to the 5 months and 13 days of backtime ordered for the technical parole violation. (Certified Record (C.R.) at 169.) The Board declined to

---

[3] Mesko ended up serving 5 months and 13 days on the technical parole violation.

[4] On October 3, 2017, Mesko was charged with one count of retail theft. Two days later, Mesko was charged with one count of receiving stolen property. The incidents that led to these charges occurred after July 12, 2017. It is unclear from the record as to the dispositions of these charges.

award Mesko credit for the time he spent at liberty on parole due to his absconding and recalculated Mesko's new parole eligibility date as April 23, 2020, and his new maximum date as November 19, 2020.[5] (*Id.* at 169-70.) The Board's December 28, 2018 Decision informed Mesko of his ability to appeal this decision and that he "ha[s] the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court," noting that "[he] **may** be entitled to counsel from the public defender's office at no cost." (*Id*. at 170 (emphasis added).)

Mesko filled out and signed an administrative remedies form on January 7, 2019, asserting three reasons for his administrative appeal. (*Id*. at 173.) On the form, Mesko checked the boxes claiming an error of law, a violation of constitutional law, and a recommitment challenge. (*Id.*) In the "Explanation" section of the form, Mesko alleged that he already had been penalized for absconding, that he already had completed his sentence following the previous maximum date of July 12, 2017, and that the Board did not have authority to alter a judicially imposed sentence and doing so was unconstitutional. (*Id.*) The administrative remedies form noted in italicized, small-point print at the bottom of the first page that Mesko "**may** be entitled to counsel from the [p]ublic [d]efender's [o]ffice at no cost." (*Id*. (emphasis added).) The envelope that Mesko

---

[5] Pursuant to *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000), "the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot." However, as in *McClinton v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1287 C.D. 2018, filed May 29, 2019), slip op. at 3 n.6, Mesko is still serving a sentence on the new charges and the issues raised in the present matter may affect his new maximum date on those charges in later proceedings, so this matter is not rendered moot. Though *McClinton* was unreported, unreported decisions of this Court, while not binding, may be cited for their persuasive authority pursuant to Pennsylvania Rule of Appellate Procedure 126(b)(2), Pa.R.A.P. 126(b)(2), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

4

mailed the administrative remedies form in is postmarked as January 8, 2019. (*Id.* at 174.) The Board's Legal Division stamped Mesko's administrative remedies form as having been received on January 14, 2019. (*Id.* at 173.) On April 8, 2019, Mesko mailed a letter to the Board inquiring into the status of his appeal, which he claimed was filed January 12, 2019, and asking for its quick resolution. (*Id.* at 175-76.) On November 21, 2019, the Board denied Mesko's administrative appeal and affirmed the December 28, 2018 Decision.[6] (Response to Administrative Remedies Form, *id.* at 177-78.) Mesko now petitions this Court for review.

## II. PARTIES' ARGUMENTS

Mesko's sole argument on appeal is that he was denied his right to counsel during the administrative review process in violation of the Public Defender Act[7] and Mesko's constitutional right to counsel, and he asks this Court to remand for the filing of an administrative appeal with assistance of counsel or an evidentiary hearing as to whether Mesko properly requested counsel for such proceedings and was impermissibly denied. Exhibit D to his petition for review filed with this Court is a letter response from the public defender's office responding to Mesko's "Letter Dated January 7, 2019." (Ex. D to Petition for Review (Pet.).) In the letter, the public defender's office claimed that it "does not get involved at the Administrative Relief Stage." (*Id.*) The letter further instructed Mesko that he "must . . . make that filing" himself and that if he was "unsuccessful, the office would represent [him] in any appeal to the Commonwealth Court." (*Id.*) This

---

[6] The Board explained that it recalculated Mesko's new maximum date by subtracting the 160 days of backtime credit from February 2, 2017, to July 12, 2017, the time between Mesko posting bail on his then-pending charges and the Board lifting its detainer, from the 938 days Mesko had remaining on his sentence at the time of his original parole.

[7] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. §§ 9960.1-9960.13.

5

letter is likewise attached to Mesko's Amended Petition for Review—prepared and filed with the assistance of counsel—in which Mesko again claimed his right to counsel during the administrative review process was abridged by the public defender's office's refusal to provide counsel. (Mesko's Amended Petition for Review (Am. Pet.) at 2, 6.)

Although the above letter is not part of the certified record, the Board, importantly, concedes it "has no basis to believe that this document is not legitimate" and asserts that an evidentiary hearing on the matter is unnecessary as it has "no information which would challenge the claim that the letter sent to [Mesko] denying him counsel is anything other than legitimate." (Board's Brief (Br.) at 8, 9 n.2.) The Board further asserts that it would not have objected had Mesko sought to supplement the record with the letter. (*Id*. at 8.) Instead, the Board argues that this claim was waived as a result of Mesko failing to raise it in his administrative appeal. The Board further claims that, if not waived, this claim fails because Mesko cannot show any prejudice stemming from the ineffectiveness of counsel under *Commonwealth v. Washington*, 927 A.2d 586 (Pa. 2007) (applying the test enumerated in *Strickland v. Washington*, 466 U.S. 668 (1984)), as the issues he raises are meritless. (Board's Br. at 11.)

## III.  DISCUSSION

We begin with a reminder of our scope of review in parole revocation cases, which "is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed, or **whether constitutional rights of the parolee were violated**." *Johnson v. Pa. Bd. of Prob. & Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998) (emphasis added). Here, Mesko alleges his constitutional rights were violated as he was denied the assistance of

6

counsel. The Board responds that Mesko waived this issue for failure to preserve it in his administrative appeal. It is well settled that "issues not raised by a CPV before the [B]oard in an administrative appeal are waived for purposes of appellate review by this [C]ourt." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). In determining whether an issue has been properly preserved for our review, Section 703(a) of the Administrative Agency Law provides:

> [a] party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) **unless allowed by the court upon due cause shown.**

2 Pa.C.S. § 703(a) (emphasis added). This limitation—and a similar exception to the general rule as that above—is echoed in Pennsylvania Rule of Appellate Procedure 1551(a), which states:

> (a) Appellate jurisdiction petitions for review. Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. Only questions raised before the government unit shall be heard or considered, **except:**
>
> (1) Questions involving the validity of a statute.
>
> (2) Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.
>
> (3) **Questions that the court is satisfied the petitioner could not by the exercise of due diligence have raised before the government unit.** If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be raised, it shall remand the record to the government unit for further consideration of the additional question.

7

> The court may in any case remand the record to the government unit for further proceedings if the court deems them necessary.

Pa.R.A.P. 1551(a) (emphasis added).

To determine whether Mesko waived the issue, we first examine the requirements for preserving such an issue for this Court's review. It is well settled that "indigent parolees are entitled to the assistance of counsel both at parole revocation hearings and in the prosecution of subsequent appeals as of right." *Blair v. Pa. Bd. of Prob. & Parole*, 518 A.2d 899, 900 (Pa. Cmwlth. 1986). However, we note that there remain procedural prerequisites for a petitioner to hurdle. *See Snipes v. Pa. Bd. of Prob. & Parole*, 527 A.2d 1080 (Pa. Cmwlth. 1987). "[I]n order for such representation to be required[,] the parolee must **request** that legal counsel become involved." *Id*. at 1081-82 (emphasis in original). In this respect, the Board has no "duty [or] responsibility [to] appoint[] . . . counsel for indigents appearing before it." *Passaro v. Pa. Bd. of Prob. & Parole*, 424 A.2d 561, 564 (Pa. Cmwlth. 1981) (quoting *Patterson v. Pa. Bd. of Prob. & Parole*, 258 A.2d 693, 694-95 (Pa. Super. 1969)). Consistent with these principles, the Board notifies parolees in its various decisions and administrative remedies forms of their right to counsel, that counsel may be available from the county public defender's office, and that parolees are to submit requests for representation directly to the public defender's office. It is "incumbent on [the parolee] to promptly request . . . legal representation." *Snipes*, 527 A.2d at 1082.

The failure to request counsel for an administrative proceeding may be fatal to preserving the issue for our review. *See Madison v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1138 C.D. 2018, filed July 23, 2019), *appeal denied* (Pa., No. 440 WAL 2020, filed May 6, 2020). In *Madison*, we held that a petitioner's failure to allege either that any request for counsel had been made to the public defender's

8

office or that any request for such counsel had been unmet resulted in a failure to preserve the issue for appeal before this Court. *Id*., slip op. at 9-10. The petitioner in *Madison* admitted that "he sent his request for counsel to the Board along with his administrative remedies form" but "did not request counsel directly from the public defender's office." *Id*., slip op. at 7-8. Further, the petitioner never asserted in any subsequent correspondence or filing the existence of "any request for counsel [to the public defender's office] that had been unmet." *Id*., slip op. at 9. Additionally, counsel for the petitioner in *Madison* stated that the petitioner never "explained why he elected to proceed that way, whether he in fact received the name/address of the [p]ublic [d]efender's [o]ffice . . . , or whether he also reached out to that office." *Id*., slip op. at 7. As a result, we held that the petitioner "ha[d] not preserved the issue that he properly requested counsel who did not come forward to assist him in his administrative appeal, which would raise a question of an improper denial of counsel." *Id*., slip op. at 9-10.

In contrast, in the present case, while the Board argues that Mesko waived the issue regarding his request for counsel by not raising the issue during his administrative review, the Board also does not challenge the authenticity of the letter from the public defender's office denying Mesko counsel and asserts that it would not have objected to supplementing the record with the letter. We find these admissions and the lack of dispute over these facts sufficient to consider the implications of this letter to the issue of waiver.

Mesko dated the administrative remedies form January 7, 2019. (C.R. at 173.) Although in his subsequent letter to the Board, Mesko claims to have filed the administrative remedies form with the Board on January 12, 2019, the envelope accompanying his administrative review form, which is in the certified record, is

postmarked January 8, 2019. (*Id*. at 174-75.) The letter from the public defender's office indicates that Mesko's letter to the office requesting counsel was dated January 7, 2019—the same date as Mesko's administrative remedies form—and that the letter denying representation was dated Friday, January 11, 2019. (Ex. D to Pet.; Ex. B to Am. Pet.) The Board's Legal Division stamped Mesko's administrative remedies form as having been received on Monday, January 14, 2019. (C.R. at 173.) Given these facts, it appears Mesko likely filed the administrative remedies form with the Board before receipt of the letter denying him representation. With respect to whether Mesko should have filed a new administrative remedies form, we note that under Section 73.1 of the Board's regulations, any attempted second petition by Mesko claiming the denial of counsel after receiving the letter and realizing his right to counsel had been abridged would not have been received by the Board. 37 Pa. Code § 73.1(3) ("Second or subsequent petitions for administrative review . . . will not be received.").

Additionally, the timing of Mesko's realization that he had an entitlement to counsel from the public defender's office is important to this issue. It is clear that Mesko realized this entitlement at least by the time he filed his petition for review to this Court, as he included this claim in his initial petition for review. (*See* Pet. at 2.) The facts in the record indicate that Mesko was informed through both the Board's December 28, 2018 Decision and the administrative review form that he "**may** be entitled to counsel from the public defender's office at no cost." (C.R. at 170, 173 (emphasis added).) While these forms' use of "may" tends to suggest the existence of a potential right to counsel, it would be unjust to determine that they concretely informed Mesko of his absolute right to representation from the public

10

defender's office in his administrative remedies form such that his failure to raise the issue in that administrative remedies form results in waiver.

Accordingly, given the timing surrounding Mesko's request for counsel, his receipt of the letter from the public defender's office denying his request for counsel, his filing of the administrative remedies form, and when he became aware of both his right to counsel and the denial of his request, we are "satisfied th[at] [Mesko] could not by the exercise of due diligence have raised [this question] before the [Board]." Pa.R.A.P. 1551(a)(3). Based on the letter from the public defender's office, it appears Mesko properly "request[ed] that legal counsel become involved" in his administrative review, *Snipes*, 527 A.2d at 1082, but the public defender's office incorrectly informed him that it "does not get involved at the Administrative Relief stage," (Ex. D to Pet.; Ex. B to Am. Pet.). This case is distinguishable from *Madison*, where the issue of representation was waived due to the petitioner's outright failure to request counsel from the office of the public defender or to allege that any request had been unmet. *Madison*, slip op. at 9-10. Here, Mesko has alleged—and the Board does not dispute—that "he properly requested counsel who did not come forward to assist him in his administrative appeal" and, therefore, has "raise[d] a question of an improper denial of counsel." *Id*.

In light of these undisputed facts and the importance of the right to counsel in this stage of proceedings before the Board, which is discussed more fully below, holding this issue is waived would be inconsistent with the right being asserted in this petition for review. We conclude that Mesko has sufficiently raised a question of "whether [his] constitutional rights . . . were violated" to permit this Court to

review the issue. *Johnson*, 706 A.2d at 904. Accordingly, we hold that this issue has not been waived.

We turn now to the issue of denial of counsel to an indigent petitioner in an administrative appeal. The Board asserts that this issue is properly characterized as an ineffective assistance of counsel claim, which the Board argues is without merit because Mesko cannot show prejudice stemming from any claimed ineffectiveness. We disagree.

The Sixth Amendment to the United States Constitution provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. The United States Supreme Court has interpreted this mandate as a fundamental right guaranteed by due process and applicable to the many states through the Due Process clause of the Fourteenth Amendment.[8] *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963). Similarly, article I, section 9 of the Pennsylvania Constitution entitles a criminal defendant to the representation of counsel. Pa. CONST. art. I, § 9. Both the Pennsylvania Supreme Court and the United States Supreme Court "have interpreted the right to counsel as encompassing the right to effective assistance of counsel." *Com. v. Diaz*, 226 A.3d 995, 1007 (Pa. 2020) (citing *Com. v. Rosado*, 150 A.3d 425, 432 (Pa. 2016), and *Garza v. Idaho*, 139 S. Ct. 738, 743 (2019)). Further, in both this Commonwealth's and federal jurisprudence, "it is settled law . . . that an indigent defendant is constitutionally entitled to the assistance of counsel on an appeal as of right." *Com. ex rel. Cunningham v. Maroney*, 218 A.2d

---

[8] Section 1 of the Fourteenth Amendment to the United States Constitution provides, in relevant part, that "[n]o State . . . shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

811, 812 (Pa. 1966) (citing *Douglas v. California*, 372 U.S. 353 (1963)). Consistent with the basic principle of fundamental fairness at the bedrock of due process, this mandate guarantees that no "indigent is forced to run th[e] gantlet of a preliminary showing of merit" on appeal without the assistance of counsel, *Douglas*, 372 U.S. at 357, which amounts to "discrimination against the poor" in violation of the Fourteenth Amendment, *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987) (citing *Douglas*, 372 U.S. at 358).

This commitment to providing indigent defendants with the constitutional right of representation of counsel throughout their criminal appeals and any administrative proceedings before the Board is reflected statutorily in Pennsylvania in Section 6 of the Public Defender Act, which requires that the public defender provide legal counsel in cases involving "[p]robation and parole proceedings and revocation thereof." 16 P.S. § 9960.6(a)(10). An indigent parolee's right to counsel extends beyond just initial parole proceedings to both administrative review proceedings and any appeal as of right to this Court. *Bronson v. Pa. Bd. of Prob. & Parole*, 421 A.2d 1021, 1026 (Pa. 1980). In *Bronson*, the Supreme Court of Pennsylvania echoed the importance of this right and its extending to such proceedings, explaining that "[w]hether a parole violation proceeding is properly classified as criminal, quasi-criminal or civil, we have recognized it to be a proceeding of the nature where the right to counsel is required to comport with our fundamental concepts of fairness." *Id*.; *see also Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (explaining that both parole and probation revocation implicates a loss of liberty triggering due process requirements). And, therefore, these "same compelling considerations require the assistance of counsel in the task of perfecting an appeal from [a parole revocation] proceeding." *Bronson*, 421 A.2d at

13

1026; *Blair*, 518 A.2d at 901 (holding that a delay in representation caused by a public defender's office waiting for court-ordered appointment before rendering assistance to an incarcerated, indigent parolee who had properly requested counsel from the office results in the impermissible denial of counsel).

In the present case, the Board seeks application of the ineffective assistance of counsel test set forth in *Strickland*, explaining that Mesko cannot prevail because he is unable to show any prejudice stemming from the claimed ineffectiveness. However, we disagree that prejudice must be shown in this case.

Though the Pennsylvania Supreme Court "has long recognized that the *Strickland* test is the same test for ineffectiveness as prevails under the Pennsylvania Constitution," *Commonwealth v. Bond*, 819 A.2d 33, 41-42 (Pa. 2002), the Court recently has recognized that there exist "certain, limited circumstances where prejudice is so likely that the cost of litigating the question of prejudice is unnecessary," *Diaz*, 226 A.3d at 1008 (quoting *United States v. Cronic*, 466 U.S. 648, 658-59 (1984)). The "[m]ost obvious, of course, is the complete denial of counsel." *Cronic*, 466 U.S. at 659. The United States Supreme Court issued its opinion in *Cronic* on the same day that it decided *Strickland*, "recogniz[ing] an exception to *Strickland*'s general rule requiring proof of prejudice to prevail on a claim of ineffective assistance of counsel." *Diaz*, 226 A.3d at 1008. *Diaz* involved an indigent defendant who was constructively denied counsel due to his inability to understand critical portions of his criminal trial and communicate with his attorney during these proceedings, despite that he was actually represented by counsel at the time. *Id.* at 1010. The Court held that it was unnecessary to "inquir[e] into whether Diaz suffered prejudice because of this violation" and affirmed the Superior Court's judgment ordering a new trial. *Id.* at

14

1011. Thus, "the actual or constructive denial of counsel . . . triggers the application of *Cronic*'s presumption of prejudice." *Id*. at 1008.

If prejudice can be presumed even where an indigent defendant is actually represented by counsel, it follows that the complete and actual denial of any counsel at a proceeding implicating the due process requirement of fundamental fairness, such as the one presented here, leads to the same conclusion: that no specific showing of prejudice is required. To hold that no prejudice results from the complete denial of counsel to an indigent parolee at such a proceeding—or even that such a parolee must litigate this issue in order to realize his constitutional and statutory right to counsel—is akin to "forc[ing] [Mesko] to run th[e] gantlet of a preliminary showing of merit" in any other criminal appeal without the representation of a trained advocate. *Douglas*, 372 U.S. at 357. Such a holding amounts to "discrimination against the poor" in violation of the Fourteenth Amendment. *Finley*, 481 U.S. at 554 (citing *Douglas*, 372 U.S. at 358). Therefore, where an indigent parolee properly requests representation of counsel from the public defender's office for an administrative review of a parole revocation decision and is impermissibly denied, as occurred here, prejudice is presumed. For these reasons, we hold that remand is proper to allow Mesko the opportunity to pursue administrative review with the assistance of counsel to which Mesko is entitled.

15

**IV. CONCLUSION**

Accordingly, we vacate the Board's Order and remand this matter for further proceedings to provide Mesko with the opportunity to file his administrative review with the assistance of counsel.

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John R. Mesko,                                :
                    Petitioner               :
                                             :
              v.                             :    No. 1751 C.D. 2019
                                             :
Pennsylvania Board of Probation and          :
Parole,                                      :
                    Respondent               :

# **O R D E R**

    **NOW**, January 25, 2021, the Order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is vacated, and we remand this matter for further proceedings to provide Petitioner John R. Mesko with the opportunity to file his administrative review with the assistance of counsel.

    Jurisdiction relinquished.

 

_____
**RENÉE COHN JUBELIRER,** Judge